### Enoch White v. The State.

No. 2590.          Decided December 11, 1902.

Motion for Rehearing Decided February 25, 1903.

**1.—Murder in Second Degree—Charge as to First Degree.**

A charge upon murder in the first degree is usually necessary to a complete exposition of murder in the second degree, and is not reversible error unless it leads to injurious results as to the case upon which the conviction was obtained.

**2.—Same—Killing by Mistake.**

On a trial for murder where it appeared that defendant, after he had been knocked down in a fight with one Knight and lost his eyeglasses, without which he was unable to identify one person from a distance from another, left the house and shortly returned and fired through the door two shots by which he killed two women in the room, the court correctly charged upon murder in the second degree, and also upon manslaughter on the theory of mistaking the woman for Knight.

**3.—Same—Murder in Second Degree—Charge.**

On a trial for the murder of a woman, where the issue was as to whether or not the killing was by mistake, the court correctly charged the jury: "If you believe from the evidence beyond a reasonable doubt that defendant did shoot and kill the said Sallie Walker, not by mistake, but intentionally; but, that at the time of doing so he was laboring under such passion as deprived him of the power, at the time he formed the intent to kill her, to do so with a considerate and deliberate mind, then he would be guilty of murder

in the second degree." There being no adequate cause produced by the party killed, the killing could not be manslaughter.

**4.—Same—Manslaughter—Charge.**

On a trial for murder, where the court in its charge correctly stated the facts relied upon by defendant to reduce the offense to manslaughter and pertinently applied the law to such facts, such charge is not subject to criticism that it makes the conjunction, or the combination of circumstances, proved essential to the reduction of the homicide to manslaughter.

**5.—Same—Self-Defense—Charge.**

On a trial for murder, it is not error for the court to fail or refuse to charge upon self-defense, there being no testimony indicating self-defense.

ON REHEARING.

**6.—Same—Death from Improper Treatment.**

On a trial for murder, the question as to whether the death was caused by improper medical treatment can not be raised for the first time after appeal and on motion for rehearing.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. Charles F. Clint.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The indictment charged appellant with the murder of Sallie Walker, on the 9th day of August, 1901, by shooting her with a pistol.

The opinion states the essential facts sufficiently.

*Thomas, Spellman & Richardson* and *R. B. Seay,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, and given ten years in the penitentiary.

The charge of the court is criticised in the motion for new trial because the issue of murder in the first degree was submitted. This was not error. It is usually necessary to charge on murder in the first degree, to a complete exposition of the elements of murder in the second degree. Simmons v. State, 23 Texas Crim. App., 653. It may also be stated, in reply to this proposition, that an acquittal was had as to murder in the first degree. Where this is the result, unless the submission of a charge in regard to the higher phase of the homicide leads to injurious results in regard to the phase of the case upon which the conviction is obtained, it is not reversible error. This is not the case here. The evidence discloses that the homicide occurred, practically, under the following state of case: Appellant and Knight, in the house where the homicide occurred, engaged in an angry altercation of words, leading to a blow from Knight which knocked appellant to the floor, causing pain and bloodshed. The parties immediately separated; appellant going out the front door, and Knight the rear. The witnesses disagree as to the time intervening between this difficulty in the house and the firing of the fatal shots, but, as we understand the record, no witness places Knight in the house at the time of the homicide. Appellant testified that he had lost his glasses, without which he was un-

able to distinctly identify one person from another at the distance from which the firing occurred. Appellant, after passing out of the house (at what time, as before stated, is uncertain, but some time after leaving the house), fired into the house through the door from which he had emerged. The first shot took effect in the left rear portion of Willie Casey's head, killing her instantly. Deceased, Walker (another woman), was sitting in a chair diagonally across and in front of Willie Casey. Upon the first report of the pistol she jumped up, and appellant immediately fired upon her, and shot her through the stomach. No witness places Knight in the house at the time, and the testimony all shows that he was not there. He testified himself that he had reached another street, some distance away, at the time of the shooting. The court charged the jury with reference to murder in the second degree and manslaughter. In reference to murder in the second degree, the charge made appellant's guilt depend upon the condition of his mind at the time he shot, as he supposed, at Knight, as it did, also, in the charge on manslaughter on the theory of mistaking the women for Knight. No exception was taken to this, and the charges in these respects, as given, are correct.

Under the State's case above given, the court further charged the jury: "If you believe from the evidence, beyond a reasonable doubt, that defendant did shoot and kill said Sallie Walker, not by mistake, but intentionally, but that at the time of doing so he was laboring under such a passion as deprived him of the power, at the time he formed that intent to kill her, to do so with a considerate and deliberate mind, then he would be guilty of murder in the second degree." This charge is correct. If the jury should ascertain from the facts that appellant shot Sallie Walker, not intending to shoot Knight, or the individual he supposed to be Knight, then the question of manslaughter was eliminated. In other words, in order for him to have been guilty of manslaughter, his mind should have been laboring under the impression that he was shooting at Knight, and not at the woman he killed, for, if he shot and killed her, however much excited his mind may have been by adequate cause brought about by Knight, it would be murder in the second degree. She had not produced adequate cause, and had not been the occasion of its production, or sudden passion which would have rendered his mind incapable of cool reflection. The statute settles this question. Therefore the court was correct in giving the charge of which complaint is made.

The court gave a further charge upon manslaughter—in substance, that if the jury believed that appellant was struck and knocked down by Knight, and that such blow or blows produced pain or bloodshed, and that at the time he was using eyeglasses, and that said glasses were removed from his eyes, and that without such glasses his sight was impaired, and, that when he arose to his feet, blood was running from the wounds produced, and he started to, and did, leave the house, and go to the front door, and that when he reached that point, or thereabouts,

he turned and fired his pistol, with the intent and believing that he was shooting at Knight, and that when he left the room in which he was knocked down, the said Knight was in said house, and, at the time defendant shot, he was in such passion, of either anger, rage, or sudden resentment or terror, that rendered his mind incapable of cool reflection, and that he believed said Knight was still in the house when he shot, and that it was his intent to kill Knight, and not Sallie Walker, then he would be guilty of manslaughter. The criticism is that it makes the conjunction or combination of circumstances essential to the reduction of the homicide to manslaughter. We do not so understand this charge. These are the facts relied upon to reduce the homicide to the grade of manslaughter. If these facts existed, as stated, the jury should have convicted of manslaughter. In other words, we believe this was a pertinent application of the law to the facts. If he, in leaving the house, left Knight at the place of the difficulty, upon reaching the door began firing, believed Knight was still at the point where he (appellant) was knocked down, and shot on account of the blow, and, his mind being enraged to the point of being incapable of cool reflection, he thought he was shooting at Knight, but shot the woman Sallie Walker and killed her, the killing would be manslaughter; but if he shot the woman, recognizing that she was a woman, and not Knight, he was guilty of murder in the second degree. We believe these questions have been pertinently and fairly submitted by the court's charge.

Appellant insists that self-defense should have been submitted. There is no testimony indicating the question of self-defense. Appellant contends that, if he believed at the time he turned and began firing that Knight was following him up and continuing the assault, it would be self-defense. It is not necessary to discuss this question, as there are no facts in the record which indicate that appellant believed Knight was following him. All the testimony shows that he went in the opposite direction.

It is also suggested that the evidence is not sufficient to support the conviction. We have stated enough of the testimony to indicate there is no merit in this proposition.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

DAVIDSON, PRESIDING JUDGE.—The judgment was affirmed at the Tyler term, 1902, and comes before us now on rehearing. The first two grounds of the motion are sufficiently disposed of in the original opinion and we see no reason to change our views.

The third ground of the motion, which is raised for the first time in this motion for rehearing, is that the evidence raises the question that appellant's shot did not necessarily bring about the death of deceased, but it may have been, and probably was, brought about by the negligence

of the physician. It is contended that the witness put on the stand by the State testified that this wound was not inevitably or necessarily fatal, and that the death, perhaps, was brought about by the failure of the deceased to permit an operation. The deceased woman was shot by appellant through the bowels, and at the time he shot the woman he thought he was shooting another person, by the name of Knight, with whom he had shortly before had a difficulty. We do not believe the testimony justifies the raising by appellant of the proposition stated. But under the construction placed on article 723, Code of Criminal Procedure, is too late, anyway, to suggest such matters to this court for the first time after appeal. It was not even raised or suggested until this motion for rehearing. The writer has not agreed to this construction placed on said article, but it is now the law; and, even if there was merit in appellant's contention, it is too late to urge it at this late day.

The motion for rehearing is overruled.

*Motion overruled.*