## EL PUEBLO v. ORTIZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 485.—Resuelto en octubre 24, 1912.

HABEAS CORPUS—ASESINATO EN PRIMER GRADO—MOTIVOS RAZONABLES PARA LA DETENCIÓN DE UNA PERSONA—PREMEDITACIÓN Y DELIBERACIÓN.—Para que exista el delito de asesinato en primer grado basta, de acuerdo con nuestros estatutcs, entre otros casos, con que voluntaria, deliberada y premeditadamente se haya causado una muerte ilegal, y todos estos requisitos aparecen de la prueba practicada en el caso de autos. La deliberación y premeditación dependen de las circunstancias del caso, y el hecho de apuntar y dis-

parar un arma de fuego contra una persona y matarla, es bastante para que exista la premeditación y deliberación, sin que obste a ello la rapidez con que al acto se haya realizado.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Mariano Ortiz Machado y Ricardo Cabassa (*a*) Lampán presentaron en la Corte de Distrito de Mayagüez una solicitud de *habeas corpus,* alegando estar detenidos en la cárcel de Mayagüez en virtud de un mandamiento expedido por el juez municipal de dicha ciudad, que califica al primero como autor y al segundo como cómplice de un delito de asesinato en primer grado.

Celebrada la vista de la solicitud, el Hon. Juez de la expresada corte de distrito declaró sin lugar en todas sus partes la solicitud de los detenidos, pero fijó una fianza para la libertad provisional de Ricardo Cabassa (*a*) Lampán y, habiendo sido ésta prestada, quedó en libertad después de haber apelado en unión de su compañero la resolución de la corte inferior, por cuyo motivo sólo consideraremos el presente recurso en cuanto a Mariano Ortiz Machado.

El mandamiento bajo el cual se halla preso actualmente Ortiz Machado ordena su detención para que responda al cargo que se le hace de asesinato en primer grado, consignando enseguida que con malicia premeditada dió muerte ilegal a Fernando Suárez haciéndole un disparo de revolver e hiriéndole por la espalda, a consecuencia de cuya herida falleció Suárez.

Se sostiene por el apelante que no basta que el mandamiento de arresto use las palabras del Estatuto, sino que el delito tiene que basarse en hechos probados, y que contra él no resulta de la investigación prueba suficiente para ser detenido por asesinato en primer grado.

El mandamiento de arresto reune en este caso todos los

requisitos exigidos por el artículo 25 del Código de Enjui-
ciamiento Criminal, porque no solamente contiene la califica-
ción del delito sino que, además, hace una relación, en tér-
minos generales, de los hechos realizados por el detenido.

· El segundo extremo de que no hay evidencia bastante
para la detención, nos lleva a considerar la evidencia pre-
sentada en el acto de la vista de la petición.

Desde luego que cuanto digamos ahora respecto de ella,
en modo alguno puede prejuzgar el resultado de la evidencia
que en el juicio del caso pueda presentarse por las partes,
ya que ahora no estamos examinando si Ortiz Machado es
o nó culpable del delito que se le imputa, sino únicamente si
hay motivos razonables para que esté privado de libertad
por el delito de asesinato en primer grado.

Del examen de las trece declaraciones que tuvo presente
el juez de la corte inferior al negar la libertad de Ortiz Ma-
chado resulta prueba tendente a demostrar que estando Ma-
riano Ortiz Machado, el día 28 de septiembre último, en el
cafetín de Esteban Hernández en la ciudad de Mayagüez,
tuvo unas palabras con Miguel Sacarello a quien insultó;
que habiendo intervenido Miguel Cruz para ponerlos en paz,
también fué insultado por el apelante quien, además, sacó
un revólver con el que hizo dos disparos contra Cruz, y que,
pasando en esos momentos por frente a dicho cafetín Fer-
nando Suárez, que huía a otro cafetín de Celina Medina,
contra él dirigió su arma el expresado Ortiz Machado, dis-
parándole cuando Suárez estaba de espaldas y causándole
una herida que le produjo la muerte instantáneamente.

Con estos elementos de prueba podemos llegar a la con-
clusión de que Mariano Ortiz Machado está bien detenido por
el delito de asesinato en primer grado, pues el acto de que
voluntaria e ilegalmente dirigiera su arma contra Suárez,
y la descargara, causándole la muerte, implica deliberación
y premeditación, que son por lo que una muerte causada en

esas condiciones, constituye un delito de asesinato en primer grado.

Para que exista el mencionado delito, basta, de acuerdo con nuestros estatutos, entre otros casos, con que voluntaria, deliberada y premeditadamente se haya causado una muerte ilegal, y todos estos requisitos aparecen de la prueba que hemos examinado. La deliberación y premeditación dependen de las circunstancias del caso, y el hecho de apuntar y disparar un arma de fuego contra una persona y matarla es bastante para que exista la premeditación y deliberación, sin que obste a ello la rapidez con que el acto se haya realizado.

Por las razones expuestas, y toda vez que, detenido legalmente Mariano Ortiz Machado por imputársele el cargo de autor de un asesinato en primer grado, no puede admitírsele fianza, debe ser confirmada la resolución que le negó la excarcelación.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.