JOSÉ M. CABALLERO, Petitioner and Appellant, *v.* PEOPLE OF PORTO RICO, Respondent and Appellee.

No. 2957. Argued November 5, 1926.—Decided December 13, 1926.

*R. Cuevas Zequeira* for the petitioner. *José E. Figueras* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On the 15th of September, 1926, one of the district attorneys of the judicial district of San Juan issued a warrant for the arrest of José M. Caballero for the murder of Saturnino Salgado on the night of the 12th of the month of September. Caballero offered to give bail, but this was denied. He then petitioned the district court for a writ of habeas corpus. Evidence was heard and the court denied the petition of Caballero, setting forth its reasons in a carefully prepared opinion, whereupon Caballero took the present appeal.

We agree with the appellant that for a refusal to set at liberty temporarily a person charged with murder the evidence must be sufficient and the presumption of guilt great. It is so expressly provided by section 372 of the Code of Criminal Procedure. But we do not admit that the evidence in the case before us was insufficient. In our opinion the evidence was sufficient.

The appellant admitted the fact that Salgado died, and it is a fact proved by the testimony of Juan Morales that on the night of Sunday September 12, 1926, in the ward of Guzmán of Río Grande, Caballero was going along cursing the mother of Santiago Carrasquillo and saying that he would kill the first person he met and that he discharged his shotgun at a person who turned out to be Salgado, who said, "Caballero has killed me," and walked after him until the witness and another person caught and carried him to his home in order to get people to take him to town. Salgado was not carrying any weapon, nor did he assault or make any move-

ment to assault Caballero. Answering the question why Caballero shot Salgado, the witness said: ". . . . . he was coming along and perhaps he had a grudge against him or he thought he was the other man, Santiago, and shot at him."

Murder is the unlawful killing of a human being with malice aforethought, says section 199 of the Penal Code. If it is admitted that Salgado died, and shown that Caballero, armed, was cursing and threatening to kill, and in fact discharged his shotgun at a person who neither assaulted him nor made any movement to hurt him and who said on being wounded, "Caballero has killed me," what other name shall be applied to the act committed by Caballero than that of murder? And if this is supported by the testimony of an eye-witness, what other conclusion can we come to than that the evidence is sufficient and the presumption of guilt is great?

The fact that perhaps Caballero had no intention to kill Salgado, but to kill Santiago Carrasquillo, has nothing to do with the class of the crime.

"The general rule is that one who kills another, mistaking him for a third person whom, he intends to kill, is guilty or innocent of the offense charged, the same as if the fatal act had killed the person intended to be killed." 63 L.R.A. 660. Note in *White* v. *State of Texas* and authorities therein cited.

By virtue of the foregoing the decision appealed from must be affirmed, it being, of course, understood that the weighing by us of the testimony of Juan Morales does not prejudice in any way the petitioner's case.

Mr. Justice Hutchison took no part in the decision of this case.