Ex parte José M. Caballero, peticionario y apelante, *v.* El Pueblo de Puerto Rico, opositor y apelado.

No. 2957.—*Visto:* Noviembre 5, 1926. *Resuelto:* Diciembre 13, 1926.

1. Habeas Corpus—Jurisdicción, Procedimientos y Remedio—Evidencia—Su Suficiencia en General.—Para que pueda negarse a una persona acusada de asesinato la libertad bajo fianza, es necesario que sea evidente la prueba y grande la presunción de culpabilidad. Examinada la prueba en este caso, *se resolvió:* que no cometió error la corte de distrito al estimarla suficiente.

2. Homicidio *(Homicide)*—Asesinato—Homicidio *(Homicide)* por Acto Ilegal Dirigido Contra Persona Distinta a Aquella a Quien se Mató.—La regla general es que el que da muerte equivocadamente a un ser humano confundiéndolo con otro a quien intentaba matar, es culpable o no culpable del delito de que se le acusa, al igual que si el hecho lo hubiera sido en la persona de aquél a quien intentó dar muerte.

RESOLUCIÓN de *Miguel A. Muñoz*, J. (San Juan), declarando sin lugar la solicitud de Habeas Corpus. *Confirmada.*

R. *Cuevas Zequeira,* abogado del peticionario; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 15 de septiembre último uno de los fiscales del distrito judicial de San Juan expidió mandamiento de arresto contra José M. Caballero para que respondiera al cargo que se le hacía de haber asesinado a Saturnino Salgado en la noche del día 12 del propio mes de septiembre. Solicitó Caballero su libertad bajo fianza y le fué negada. Acudió entonces a la corte de distrito mediante una solicitud de *habeas corpus.* Se practicó prueba y la corte, basando su resolución en una opinión cuidadosamente escrita, negó la petición de Caballero. Este interpuso entonces el presente recurso de apelación.

[1] Estamos conformes con el apelante en que para que pueda negarse la libertad provisional de una persona acusada de asesinato es necesario que sea evidente la prueba y grande la presunción de su culpabilidad. Lo exige así de modo expreso el artículo 372 del Código de Enjuiciamiento Criminal. Pero no lo estamos en que sea aquí insuficiente la prueba. A nuestro juicio dicha prueba es bastante.

Fué un hecho admitido por el propio apelante que Salgado murió y es un hecho comprobado por el testimonio de Juan Morales que en la noche del domingo doce de septiembre último, en el barrio de Guzmán, de Río Grande, Caballero bajaba maldiciendo la madre de Santiago Carrasquillo y diciendo que el primero que se le presentara lo iba a matar y que en efecto disparó su escopeta sobre una persona que resultó ser Salgado que dijo: "Caballero me mató" y anduvo tras él hasta que el testigo y otra persona

lo cogieron y lo llevaron a su casa para llamar gente para conducirlo al pueblo. Salgado no tenía armas, ni agredió, ni hizo ademán alguno de agredir a Caballero. Preguntado el testigo por qué tenía Caballero que disparar contra Salgado contestó: " . . . . él venía de allá para acá, quizás tendría su encono con él o se figuró que sería el otro, Santiago, y le disparó."

Asesinato es dar muerte ilegal a un ser humano con malicia y premeditación (*with malice aforethought*) dice el artículo 199 del Código Penal. Si se acepta que Salgado murió y si se prueba que Caballero, armado, blasfemaba y amenazaba con matar y en efecto disparó su escopeta contra una persona que no lo atacó ni hizo ademán alguno de causarle daño y que al sentirse herido dijo: "Caballero me mató," ¿qué otra calificación merece el hecho por Caballero realizado que la de asesinato? Y si ello se comprueba con la declaración de un testigo presencial, ¿a qué otra conclusión puede llegarse que no sea la de que la prueba es evidente y grande la presunción de culpabilidad?

[2] La circunstancia de que Caballero quizá no intentara matar a Salgado sino a Santiago Carrasquillo, en nada influye en la calificación del delito.

"La regla general es que el que da muerte equivocadamente a un ser humano confundiéndolo con otro a quien intentaba matar, es culpable o no culpable del delito de que se le acusa, al igual que si el hecho cometido lo hubiera sido en la persona de aquel a quien intentó darle muerte." 63 L.R.A. 660. Nota al caso de *White* v. *State of Texas* y autoridades en ella citadas.

Por virtud de todo lo expuesto *debe confirmarse la resolución apelada,* sin que se entienda, por supuesto, que la apreciación que hemos hecho de la declaración de Juan Morales, prejuzga en modo alguno el caso del peticionario.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.