JULIO BURGOS, peticionario y apelante, *v.* ANDRÉS LUGO, Alcaide de la Cárcel de Distrito, demandado y apelado.

No. 3552.—*Visto:* Mayo 7, 1928. *Resuelto:* Mayo 28, 1928.

*Celestino Iriarte, Jr.* y *Leopoldo Figueroa,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Julio Burgos fué encarcelado por orden del Fiscal del Distrito de San Juan para responder de un cargo de asesinato. Pidió que se le permitiera prestar fianza para permanecer en libertad mientras su causa se decidía y su petición fué negada. Entonces inició un procedimiento de *habeas corpus.*

Expedido el auto, tuvieron lugar los siguientes procedimientos ante el juez de distrito.

Subió a la silla de los testigos el fiscal y declaró así:

"Fiscal.—Me llamo Marcelino Romaní; soy Fiscal de esta Corte de Distrito del Distrito Judicial de San Juan; y lo soy desde el mes, mucho antes del mes de febrero de 1928. Allá por el día 16 de febrero de 1928 y en Santurce, tuve conocimiento de que el individuo Julio Burgos Vázquez, peticionario en este caso, había herido gravemente al ser humano Cruz Pagán y Ricardo Salgado, y procedí inmediatamente a practicar una investigación de los hechos.—Juez:— El Habeas Corpus se refiere a qué caso?—Fiscal:—Al caso de asesinato, en cuanto al señalamiento de fianza.—Fiscal:—Que procedí a practicar una investigación de los hechos. Cruz Pagán murió 4 o 5 días más tarde, a consecuencia de las heridas de bala, que recibió dos, e inmediatamente, entonces, ordené la encarcelación del acusado, del peticionario en este caso, Julio Burgos Vázquez, por un delito de asesinato, negándome a señalarle fianza para su libertad provisional, por entender que tenía causa probable para creer que el peticionario fuese culpable de un delito de Asesinato en Primer Grado. Para ratificar mi orden de encarcelación, presento en primer término al Tribunal, la declaración jurada prestada ante mí por el doctor Julio Palmieri, creditiva de que Cruz Pagán recibió dos heridas de balas, a consecuencia de las cuales falleció.—Defensa:—No hay objeción.— Juez:—Se admite, y que se una al record.—Fiscal:—También tomé declaración, entre otras personas, al señor Celestino T. Pacheco, cuya declaración también presento como prueba, declaración prestada ante mí. Y además de esa, tengo un sinnúmero de declaraciones más que

corroboran las declaraciones ya presentadas, que tengo en mi poder también. Esa es la prueba que presento a la Corte, y que, a mi juicio, es suficiente para tener encarcelado al peticionario Julio Burgos Vázquez, sin fianza, por un delito de Asesinato.—Defensa:—No hay objeción.—Juez:—Se admite la declaración, que se una al record.—Defensa:—P.—Esa es toda la prueba que tiene el Fiscal?— Fiscal:—R.—Tengo esa declaración jurada, y tengo más prueba en mi poder que corrobora, en todas sus partes, las declaraciones presentadas.—Defensa:— P.—Qué contradice esa prueba?—Fiscal:—R. —No, esa prueba no se contradice; toda es armónica.—Defensa:— P.—Ha dicho el señor Fiscal que toda su prueba es armónica con esta declaración?—Fiscal:—R.—Sí, señor.—Defensa:—P.—Examinó el Fiscal para presentarlo como testigo de cargo al practicante del cuarto de socorro?—Fiscal:—R.—Señor Juez, yo contesté esta pregunta como cosa especial; pero voy a oponerme a esta pregunta en relación con la investigación que tengo en mi poder, porque no tengo que presentar toda la investigación completa de acuerdo con el Código de Enjuiciamiento Criminal. La corte, el Tribunal ha dicho que el Fiscal en una petición de Habeas Corpus, presenta una petición que justifique la encarcelación; pero no está obligado a decir toda la prueba.—Juez:—Se sostiene la oposición del Fiscal.—Defensa:—Excepción.—Juez:—Entonces el peticionario puede argumentar su caso.''

El informe del médico dice, en lo pertinente:

''Tengo el honor de remitirle el informe de la autopsia practicada en el cadáver de Cruz Pagán el día 21 de febrero del 1928.

''Cadáver de un adulto de 25 años más o menos, blanco y bastante pálido. Presentaba una herida de bala con orificio de entrada en el primer espacio intercostal izquierdo línea midclavicular. Dicha herida no presentaba orificio de salida. Otra herida de bala con orificio de entrada en el tercio inferior del antebrazo izquierdo, cara externa y con orificio de salida a una distancia de dos pulgadas del primer orificio. El cúbito fué fracturado en esta región. Ambas heridas presentaban tatuaje. También presentaba una corosión ovalada en el sexto espacio intercostal izquierdo línea mid-clavicular.

\*　　\*　　\*　　\*　　\*　　\*　　\*

''*Causa de la Muerte:* pulmonía producida por un proyectil de plomo. El plomo fué encontrado en el canal medular porción dorsal.''

Y la declaración del testigo lee:

"Ante el Fiscal del Distrito, compareció hoy Celestino T. Pacheco, quien después de prestar el debido juramento de acuerdo con la Ley, dice:

"Que se llama Celestino T. Pacheco, mayor de edad, casado, propietario y vecino de San Juan; que hará algún tiempo que el declarante le hizo una recomendación de la Sub-Junta al señor Quesada, y este señor le preguntó al declarante si conocía a Cruz Pagán, y entonces el declarante le dijo que sí, y entonces el declarante salió en su compañía para la casa de una tal Rita Burgos . . . que en la casa de Rita Burgos . . . Ricardo Salgado trataba de convencer a Cruz Pagán para que se fuese a dormir para que al otro día fuese a la Corte Municipal para no tener que levantarle la fianza; mientras ellos dos, Cruz Pagán y Ricardo Salgado estaban allí de pie, se presentó Julio Burgos, y dijo, desparpájese todo el mundo aquí, y disparó dos tiros hacia el grupo donde estaban Cruz Pagán y Ricardo Salgado, hiriendo a Cruz Pagán y a Ricardo Salgado; que Julio Burgos hizo dos disparos; que en aquel momento entre Cruz Pagán y Julio Burgos no mediaron palabras de ninguna índole y Cruz Pagán no provocó en nada a Julio Burgos, ni medió provocación por parte alguna de Cruz Pagán a Julio Burgos, ni Cruz Pagán hizo además alguno de agredir a Julio Burgos, en manera alguna; que Cruz Pagán recibió dos heridas de bala y fué conducido inmediatamente al Hospital Municipal donde falleció a los tres o cuatro días. Que estos hechos ocurrieron el día 16 de febrero de 1928, en el municipio de San Juan, como a las once P. M."

Terminada la vista, la corte de distrito dictó la siguiente resolución:

"Celebrada la vista de este caso en abril 19 de 1928 con asistencia de los abogados del peticionario, Sres. Iriarte y Figueroa y el Fiscal del Distrito Sr. Romaní; estando presente en su propia persona el peticionario y el Alcaide de la Cárcel de Distrito, Sr. Andrés Lugo; tomada en consideración la evidencia presentada en dicho acto por el Fiscal y vista la jurisprudencia de la Corte Suprema de Puerto Rico en los casos de *El Pueblo* vs. *Ortiz*, 18 D.P.R. 833; *Ex Parte, Caballero,* 36 D.P.R. 67 y *Ex Parte, Florentino Rodríguez,* 36 D.P.R. 560; la Corte, por la presente, declara sin lugar, en todas sus partes, el recurso de Habeas Corpus interpuesto por el peticionario."

No conforme el peticionario apeló para ante esta Corte Suprema.

Sus abogados presentaron un largo alegato en el que analizan cuidadosamente la prueba practicada. Uno de ellos informó en el acto de la vista del recurso en el mismo sentido, pero sus esfuerzos se estrellan contra la declaración del testigo presencial Pacheco. Los hechos que de modo terminante en ella se imputan al peticionario apelante contienen todos los requisitos que la ley exige para que se entienda cometido un delito de asesinato en primer grado. No se está juzgando finalmente al acusado. Quizá le sea dable al mismo destruir en el juicio la declaración. Sólo se trata de decidir si el acusado debe o no debe permanecer en prisión mientras se sustancia el proceso. Y el fiscal, que actúa como juez instructor, aportó ante la corte la prueba necesaria para sostener su mandamiento de encarcelación y su negativa a admitir fianza. A nuestro juicio la resolución de la corte de distrito se ajustó a los hechos y a la ley.

Resta sólo considerar el efecto que pueda tener la negativa del fiscal sostenida por la corte a contestar cierta pregunta que le hiciera el peticionario por uno de sus abogados.

En un caso de esta naturaleza el fiscal no está obligado a presentar toda su prueba. Sin embargo, nos inclinamos a creer que debió contestar la pregunta que se le hizo. Voluntariamente subió a la silla de los testigos y desde entonces quedó sometido al contrainterrogatorio del peticionario acusado. No debe aceptarse práctica alguna que tienda o pueda tender a establecer privilegios injustificados. La negativa del fiscal en vez de favorecer su causa arroja sombras sobre ella.

Ahora bien, creemos que el error, de haberse cometido, no es perjudicial. Suponiendo que el fiscal hubiera examinado como testigo de cargo al practicante del cuarto de socorros y que su declaración en cierto modo hubiera tendido a favorecer la causa del peticionario, siempre hubiera que-

dado en pie la declaración del testigo presencial Pacheco, que es la base que sostiene la orden de prisión sin fianza. Repetimos que no se está juzgando definitivamente al acusado. Se trata simplemente de una medida transitoria.

Debe declararse no haber lugar al recurso y *confirmarse la resolución recurrida.*

Los Jueces Asociados Señores Wolf y Hutchison están conformes con la sentencia.