CLEMENTE FALERO, peticionario y apelante, *v.* FÉLIX CALZADA, ALCAIDE DE LA CÁRCEL DE DISTRITO DE HUMACAO, demandado y apelado.

No. 3586.—*Visto:* Junio 12, 1928. *Resuelto:* Julio 19, 1928.

*González Fagundo & González Jr.*, abogados del apelante; *José E. Figueras*, abogado de *El Pueblo*, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Clemente Falero apeló de una resolución negándose a admitirle fianza. Al presentar el fiscal alguna prueba, la Corte de Distrito de Humacao se negó a conceder el recurso de *habeas corpus* solicitado. La prueba sometida a la corte fué substancialmente la que sigue: Paula Acevedo declaró que entró en la tienda de Clemente Falero a comprar tabaco hilado, y que allí estaban Luis Sánchez y Clemente Falero; que al entrar, oyó que Sánchez dijo: "Vengo a que arreglemos el asunto que tenemos pendiente;" que Falero contestó: "Aquí no valen arreglos, aquí lo único que vale soy yo;" que al contestar esto Falero, la declarante le pidió cinco centavos de tabaco hilado, y él replicó: "No le vendo tabaco ni a la madre que me parió;" y entonces se dirigió a Sánchez, quien le dijo: "Déjate de coraje que eso lo arreglamos a la buena," y Falero le dijo a Sánchez: "Te voy a pegar un tiro;" que al oír esto, la declarante dió la espalda para salir de la tienda, pero que antes de salir oyó el disparo, y, mirando hacia atrás, vió a Falero con un revólver en la mano, y a Sánchez tendido en el suelo; que entonces la testigo echó a correr y oyó después otros disparos más.

José Daniel Mercado prestó declaración tendente a demostrar que él se hallaba en los alrededores del sitio del suceso; que al oír una detonación parecida a un disparo de revólver, y al mirar hacia el establecimiento de Falero, vió a Sánchez tendido en el suelo; que al acercarse el declarante a prestarle auxilio a Sánchez, vió a Falero que estaba dentro del esta-

blecimiento con un revólver en la mano; que Falero le dijo que no se acercara porque lo mataba; que entonces el testigo buscó un teléfono, pero que, al no hallarlo, salió nuevamente a la carretera y sintió y vió que Falero disparaba dos tiros más con dirección a Sánchez.

Uno puede inferir fácilmente que el apelante y el interfecto habían reñido, y que el apelante estaba enteramente enfurecido por haber entrado el interfecto a su establecimiento. Las palabras pronunciadas por el interfecto al entrar en la tienda *prima facie* eran inofensivas. Puede que equivalieran o no a un desafío. Aún si hubiese mediado una provocación y si las palabras pronunciadas por el interfecto equivalían a un desafío, toda la prueba tiende a demostrar que los disparos, aunque se hicieran más o menos instantáneamente, fueron deliberados y premeditados. Los disparos posteriores tienen alguna importancia. El uso de un arma peligrosa sin que medie provocación alguna, como en el presente caso, constituye *prima facie* un delito de asesinato. *Caballero* v. *El Pueblo,* 36 D.P.R. 69; *Rodríguez* v. *Lugo,* 36 D.P.R. 560; *Ex Parte Curtis,* 72 Cal. 188; *Ex Parte Troia,* 64 Cal. 152.

*Por virtud de estas autoridades, no puede decirse que la prueba no es fuerte, y debe confirmarse la resolución apelada.*