## BROWN *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 43, September Term, 1961.]

*Decided April 5, 1962.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney and Marbury, JJ.

Brune, C. J., delivered the opinion of the Court.

This is the fourth time that this case has come before this Court. Each of the first three presented an appeal from a conviction of murder in the first degree. All three of the appeals are entitled *Brown v. State,* and they are reported, respectively, in 220 Md. 29, 150 A. 2d 895; 222 Md. 290, 159 A. 2d 844; and 225 Md. 349, 170 A. 2d 300. On each of the first two appeals the conviction was reversed because of error in the trial; on the third, the conviction was affirmed, and this application for relief under the Post Conviction Procedure Act followed. The applicant seeks leave to appeal from the denial of such relief.

His petition was apparently drafted for him by a lawyer in the City of Baltimore, who forwarded it to the Clerk of the Circuit Court of Talbot County, where the last conviction occurred, stating that he was forwarding it "as an accommodation to the petitioner and not as counsel for him."

This case is peculiar in that the petitioner's principal contention at his Post Conviction hearing was that his trial counsel had not properly represented him, yet he was represented at that hearing by one of his trial counsel, who had argued all three of his appeals in this Court—two of them successfully.

This anomalous situation seems to have developed in this way. The petition alleged some eight grounds for relief, one of which, designated as "G" was to the effect that prior to his first trial (in 1958) Brown had not been given adequate time to obtain counsel of his own choosing. It would appear, though not very clearly, from a letter from Brown to Judge Keating, of the Second Judicial Circuit, that he wanted the same counsel who had previously represented him by court appointment to represent him in the Post Conviction case; and the court did appoint one of them as Brown's counsel for the Post Conviction hearing. He conferred with Brown about the matter a week prior to the hearing. Brown then expressed some dissatisfaction with this lawyer and his colleague who had represented Brown in the previous trials and appeals. Counsel brought this to the Court's attention, and by stipulation in open court Point "G" was amended to include an allegation that "counsel appointed for the defendant by the Court did not competently represent him at the third trial in which this proceeding is had."

Brown took the stand and testified quite fully with regard to this and other matters. His adverse views of his counsel so expressed appear to go back to earlier stages of the proceedings as well as to the third trial, and his charges in general terms, but without specification, so far as we can discover, of any supporting facts, went beyond allegations of incompetence.

Though it appears that both Brown's counsel, who found himself in this strange position, and the court sought to develop thoroughly whatever complaints Brown had against his counsel

and to have him testify fully with regard thereto, we think that, regardless of the merit or lack of merit of these complaints, other counsel should have been appointed to represent Brown when the proceedings took this turn. We shall, accordingly, grant leave to appeal, vacate the judgment and remand the case without affirmance or reversal, for the appointment of new counsel for the petitioner and for a new hearing on his petition, with such amendment or amendments thereof as may be appropriate. In so directing, with two exceptions stated below, we neither express nor intimate any opinion with regard to the merit or lack of merit of any of the petitioner's contentions as to any matters connected with his trial or his representation by his former counsel, or as to their availability in Post Conviction proceedings.

The first of these exceptions above mentioned is that, insofar as the judgment of this Court is or can be final, the petitioner's contention "H"—that he was not present at the argument of his motion for a directed verdict—was finally litigated and determined on his third appeal, and it is, therefore, not open for review under the Post Conviction Procedure Act by the express terms of Sec. 645 A (a) of Article 27 of the Code (1957).

The second exception is that the petitioner's contention designated as "F"—that his motion for a change of venue of his first trial to some jurisdiction outside the First Judicial Circuit was improperly denied—is without merit. Apart from any question of waiver or of lack of showing of any abuse of discretion (as to the latter, see *Lee v. State,* 161 Md. 430, 157 A. 723; *Jones v. State,* 185 Md. 481, 45 A. 2d 350), it is obviously moot in relation to the third trial, which was held in a different Judicial Circuit (the Second).

Since all four Judges of the First Judicial Circuit participated in one or the other of Brown's first two trials, and since three of the four Judges of the Second Judicial Circuit participated in Brown's third trial and the fourth heard his Post Conviction case and passed on the facts at the original hearing thereon, we assume that the petitioner and each of the Judges of those two Circuits will wish to have a Judge from

some other Circuit designated to hear this case on remand, and such designation will be made promptly upon request.

> *Leave to appeal granted, judgment vacated and case remanded without affirmance or reversal for the appointment of new counsel and for a new hearing in accordance with this opinion.*