## KLEIN *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 5, September Term, 1962 (Adv.).]

*Decided July 10, 1962.*

Before the full Court.

PER CURIAM.

John J. Klein (applicant) was found guilty in a non-jury trial under five different indictments for robbery, perverted sex practice, larceny and assault, and sentenced to fourteen years in the Maryland Penitentiary. He was represented at the trial by a court-appointed attorney. He did not appeal. Subsequently he filed an application for relief under the Post Conviction Procedure Act, which was denied after a hearing at which he was represented by court-appointed counsel other than the counsel who had defended him at the trial for the crimes.

In his application to this Court for leave to appeal from the denial of relief, applicant made the following contentions (which he had also raised below): (1) that he was arrested

without a warrant; (2) that the evidence was insufficient to convict; (3) that perjured and conflicting testimony was used to convict; (4) that the evidence used to convict was seized illegally; (5) that applicant failed to appeal due to his ignorance and lack of funds; and (6) that his court-appointed counsel had not adequately represented him.

We have reviewed the record presented to us and find no merit in the first five of the above-mentioned contentions. We therefore reject them for the reasons set forth in Judge Duckett's opinion below.

However, the sixth contention is that counsel, although appointed at a sufficiently early date prior to the trial of the criminal charges, had conferred with applicant for only five minutes, a half-hour before the trial was to begin, and that he had no concept of how to conduct applicant's defense. We cannot ascertain from the record before us whether there is any substance to this contention. If in fact the allegations are true, it might amount to the deprivation of a fair trial. Cf. *Brown v. Warden*, 228 Md. 654, 179 A. 2d 419 (1962). We shall therefore remand the application for further proceedings, with the limitation that only the question of adequacy of representation by counsel be considered, and the facts determined in this regard.

> *Application for leave to appeal denied as to contentions nos. 1 to 5, inclusive; leave to appeal granted as to contention no. 6 and case remanded for further consideration of that contention.*