## THEODORE WARE *v.* STATE OF MARYLAND

[No. 96, September Term, 1967.]

*Decided February 1, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*William Franklin Gosnell* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *I. Elliott Goldberg* and *LeRoy Carroll, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Theodore Ware, the appellant, complains of a conviction of

murder in the second degree in a trial without a jury in the Criminal Court of Baltimore.

There was evidence from which the court could have found: On February 21, 1966, at or about 12:30 A.M., Ware, with his girlfriend, Margaret Jeter, and the deceased, Isaac Perry, with his girlfriend, Alethia Bond, were present at the "Millionaire's Club," a nightclub located at 1029 Pennsylvania Avenue in the City of Baltimore. Ware and the deceased were seated at separate but adjoining tables in a cramped area. An argument ensued between the two concerning a coat which had been erroneously picked up by another person. An altercation soon followed in which the deceased put his hand on a beer bottle and Ware produced a knife and said: "Don't mess with anybody unless you know what they have." At this point the hostilities temporarily ceased. Ware returned the knife to his pocket and Alethia Bond wrestled the beer bottle from the deceased and placed it on the table. After a short pause, hostilities again resumed and the principals, together with Alethia Bond, appeared in the center of the floor. Ware offered to fight with the deceased but suggested that they go outside. The deceased declined the offer, reached over Alethia Bond and struck Ware with his fist with such force that Ware and the deceased fell on the floor with Alethia Bond between them "like a sandwich." Several by-standers untangled the pile-up but Alethia Bond remained on the floor holding on to Ware's legs. This caused an argument between Margaret Jeter and Miss Bond. At this point Ware "took his knife from his pocket" and advised a by-stander not to interfere with the fight between the two young ladies. Ware, with his knife in hand, proceeded to throw bottles and glasses at the deceased who had retreated to a corner. Ware stabbed the deceased twice with his knife and fled the scene. He was apprehended under a warrant six days later hiding under a bed at the premises at 4007 Ann Ellen Road, Baltimore.

The trial judge found that, although the deceased was the original aggressor, Ware used more force than was necessary to repel the attack, and that he had ample time to "cool off" before he resumed the affray after the deceased had backed away from the scene of the first struggle. We cannot say the trial judge was clearly wrong under Maryland Rule 1086 which

establishes that we shall affirm the decision of the trial judge in a trial without a jury unless we can find that his decision on the evidence was clearly erroneous. The law is clear that although a person may defend himself, even to the extent of taking life to repel the attack of an aggressor, it is equally well settled that he cannot use more force than is necessary, *Tipton v. State,* 1 Md. App. 556, 232 A. 2d 289, *Guerriero v. State,* 213 Md. 545, 132 A. 2d 466. The law is equally well established that although an affray may, under some circumstances, arouse the passions of an accused to the extent that a homicide would be reduced from murder to manslaughter, this rules does not apply where there is ample time for the passions "to cool," 2 A.L.R. 3d 1292, 1306 (1965) 1 Wharton: *Criminal Law and Procedure* § 286 (Anderson's 12th Edition).

Thus, the appellant's claims that he was entitled to an acquittal by reason of self-defense and that the evidence did not support a verdict of murder in the second degree are obviously without merit.

A timely motion for a new trial was filed under Maryland Rule 759a on three grounds not pertinent to the appeal. After the motion for a new trial was filed, and after the time for such motions had expired, the defendant, in proper person, filed a second motion raising several new grounds including that his court appointed counsel had been incompetent. This was not germane to any issue raised in the original motion. He requested additional counsel be appointed for the purpose of arguing this point on the motion for a new trial. Although by stipulation counsel agreed the trial court should treat the second motion as an amendment of the first, the court declined to appoint additional counsel.

Under *Brown v. Warden,* 228 Md. 654, 179 A. 2d 419, Ware contends that the court committed error in refusing the appointment of counsel to explore his complaints against his trial counsel. If the trial court had jurisdiction to hear the belated motion for new trial, Ware's position might be well taken; however, in *State v. Tull,* 240 Md. 49, 212 A. 2d 729 and in *Giles v. State,* 231 Md. 387, 190 A. 2d 627, the Court of Appeals of Maryland held that a trial court had no power to grant a new trial under Rule 759 a except pursuant to a timely mo-

tion. We think that the parties by stipulation could not give the court power it otherwise would not have had. Neither do we think a motion for a new trial can be amended in such manner as to make it an entirely different motion after the time for filing such a motion has expired. This issue has not been decided in Maryland but the majority of courts interpret similar rules or statutes accordingly. See cases collected 132 A.L.R. 542.

It is true that in *State v. Tull, supra,* the Court of Appeals of Maryland treated a belated motion for a new trial as an application for post conviction relief and disposed of the appeal on its merits. We are unable to so treat this motion, however, for the reason that the motion was heard by the same judge who conducted the original trial, without a waiver, and therefore under *Burley v. State,* 239 Md. 342, 211 A. 2d 714 and *Taylor v. Director,* 1 Md. App. 23, 226 A. 2d 358 this would have been an error; and because new counsel was not appointed to represent Ware on his contention that his trial counsel had been incompetent, *Brown v. Warden, supra.* We will affirm the conviction without prejudice to Ware's rights to raise the issue of competency of counsel in post conviction procedures which seem to us to be the more appropriate proceedings in which to raise such contentions. We do not reach, and do not decide, the merits of the contention.

*Judgment affirmed.*