# DORSEY v. STATE OF MARYLAND

[No. 171, September Term, 1975.]

*Decided July 15, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ▮O'DONNELL, JJ.

*Harold I. Glaser*, with whom was *Richard M. Karceski* on the brief, for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W.*

*Sharp, Assistant Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court. ELDRIDGE, J., concurs in the result and filed a concurring opinion at page 226 *infra.*

Appellant Dorsey and Isaiah Wilson were found guilty by a jury of conspiracy to commit murder and murder in the first degree. On appeal to the Court of Special Appeals, they claimed that the jury instructions dealing with the presumption of malice, and which placed upon them the burden of proving such mitigation as would negate malice, was unconstitutional under *Mullaney v. Wilbur,* 421 U. S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975), and *In re Winship,* 397 U. S. 358, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970).[1] The trial court had instructed the jury that an accused person is presumed innocent throughout the trial and that the State "must prove every fact material to the guilt of a defendant beyond a reasonable doubt." It had properly defined murder in the first and second degrees and manslaughter. In the course of its instructions, the trial court told the jury:

> " 'In the absence of justification, excuse or some circumstance of mitigation, the law presumes all homicides to be committed with malice and to constitute murder in the second degree. The burden is on the State to prove the elements of deliberation and premeditation which would raise the homicide to murder in the first degree. The burden is on the defendants to show the existence of mitigation, excuse, or justification which will reduce the offense to manslaughter or not guilty.' "

The Court of Special Appeals, in an opinion by Judge Charles E. Moylan, Jr., held that the instruction placing a burden of proof on the defendants to reduce murder to manslaughter or not guilty was improper under *Mullaney.* It concluded, however, that even though the issue of mitigation

---

1. The trial in this case was concluded before the Supreme Court announced its decision in Mullaney v. Wilbur, *supra.*

had been fairly raised by the evidence in the case, the jury's verdict of murder in the first degree cured the improper instruction by demonstrating that the State had carried its burden of proving every element of the offense beyond a reasonable doubt. *Dorsey and Wilson v. State*, 29 Md. App. 97, 349 A. 2d 414 (1975).[2] We granted Dorsey's petition for a writ of certiorari to consider whether the Court of Special Appeals erred in holding that the erroneous instruction was cured as a result of the jury's verdict of first degree murder.

In its opinion, the Court of Special Appeals said:

". . . granting . . . that the evidence generated a fair jury question on the issue of mitigation, the jury's verdict of guilty of murder in the first degree cured any error in the instructions. Just as the evidence was arguably sufficient for the jury to find mitigation, it was bountifully sufficient for the jury to find beyond a reasonable doubt, as they did, that the killing was deliberated and premeditated. As we said in *Evans* [v. State, 28 Md. App. 640, 349 A. 2d 300 (1975)]:

'By the same token, any error in instructing as to the allocation of the burden of persuasion on the subject of mitigation (such mitigation, for purposes of holding the homicidal *mens rea* down to the manslaughter level, being fairly an issue in the case) will have been cured by a verdict of murder in the first degree. The evil aimed at by *Mullaney v. Wilbur*, where the issue is manslaughter versus murder, is that a presumption of malice unfairly relieves the State of the burden of proving non-mitigation (mitigation being fairly an issue in the case). Where the ultimate verdict is that of murder in the second degree, the presumption may,

---

2. No evidence of justification or excuse for the killing was adduced at the trial. Neither Dorsey nor Wilson testified and they offered no defense to the killing. The mitigation issue was generated by evidence adduced by the State in presenting its case-in-chief.

therefore, have been pivotal. Where, on the other hand, the verdict is murder in the first degree, the State will have proved every element, including the negating of hot blood, beyond a reasonable doubt and due process will not have been offended. [28 Md. App. at 658.]' "

After outlining the State's evidence against Dorsey and Wilson, the court said:

"As to first-degree murder . . . the State bore the burden of proving wilfulness, premeditation and deliberation beyond a reasonable doubt. The finding of those elements by a jury, *ipso facto*, negated the element of 'hot blood' or 'heat of passion.' The situation, therefore, is as was described by Judge Gilbert, in *Brown v. State* . . . [29 Md. App. 1, 349 A. 2d 359 (1975)]:

'Similarly, an erroneous instruction concerning an accused's burden of lowering the offense from second degree murder to manslaughter is likewise cured because the State has negated to the satisfaction of the trier of fact, any mitigation. The net result, in such cases, of incorrect instruction where mitigation or "hot blood" is not an issue fairly in the case, is that the instruction, at worst, is harmless beyond a reasonable doubt under *Harrington v. California,* 395 U. S. 250, 254, 89 S. Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967) . . . .' "

"In denying a writ of habeas corpus in the case of *Wilkins v. Maryland,* 402 F. Supp. 76 (1975), Judge C. Stanley Blair in the United States District Court for Maryland reached a similar conclusion. It was of this very situation that we spoke in *Evans v. State* . . . [28 Md. App. at 660-61]:

'The State, in proving wilfulness,

deliberation and premeditation beyond a reasonable doubt, will not have relied upon a mere presumption of malice but will of necessity have *proved* the element of malice (meaning, within the context of this analysis, an intentional killing absent the mitigating circumstance of a hot-blooded response to a legally adequate provocation). "Malice and heat of passion cannot coexist." 40 Am.Jur.2d, *Homicide*, § 56, p. 350, citing *Vaughan v. State*, 201 Ala. 472, 78 So. 378, and *White v. State*, 44 Tex. Crim. 346, 72 S. W. 173. *A fortiori*, proof beyond a reasonable doubt of premeditated and deliberated malice will negate heat of passion. The requirement of *In re Winship* and *Mullaney v. Wilbur* that the State prove beyond a reasonable doubt every necessary element of the offense will have been fully satisfied.' "

Dorsey contends that the only reference to a standard of proof in the trial court's instructions was to the "reasonable doubt" standard, and that the jury must have thought that the defendant was required to prove mitigation or innocence of the crime beyond a reasonable doubt. She claims that in determining guilt or innocence under the instructions in this case, the jury "could in no way have considered it the State's burden to disprove 'hot blood' after being told that it was the Appellant's burden to prove it."

As Judge Moylan pointed out for the court in *Dorsey and Wilson*, that malice, deliberation, and premeditation, on the. one hand, and mitigation due to provocation on the other, cannot coexist is the nub of the issue where an incorrect instruction under *Mullaney* has been given with respect to the burden to prove mitigating circumstances, and the jury returns a first degree murder conviction. The State, in these circumstances, would have negated the existence of mitigating circumstances by proof, beyond a reasonable doubt, that the homicidal act was unlawful, the result of a cool, calm state constituting first degree murder. We

therefore hold that, in this case, the Court of Special Appeals was correct in concluding that the jury's verdict of guilty of murder in the first degree cured any error in the instructions. *See generally, State of Maryland v. Edward Evans,* 278 Md. 197, 362 A. 2d 629 (1976); and *State of Maryland v. Michael Sean Garland,* 278 Md. 212, 362 A. 2d 638 (1976).

*Judgment of the Court of Special*
*Appeals affirmed.*

*Eldridge, J., concurring:*

While I concur in the result reached by the majority in this case, I do so upon different grounds.

As the majority points out, where a jury returns a verdict of murder in the first degree, its finding of premeditation and deliberation on the part of the defendant is *legally* inconsistent with the existence of mitigating circumstances which would reduce the offense to manslaughter. *See Wilkins v. Maryland,* 402 F. Supp. 76 (D. Md. 1975); *Brown v. State,* 29 Md. App. 1, 349 A. 2d 359 (1975); *Hurt v. United States,* 337 A. 2d 215 (D.C. App. 1975); 1 Anderson, *Wharton's Criminal Law and Procedure* §§ 274, 275 (1957); 40 Am.Jur.2d, *Homicide* § 56 (1968). This legal theory might suggest that a jury, by returning a first degree murder verdict, has necessarily found beyond a reasonable doubt the non-existence of mitigating factors. However, I am not sure that in every case involving a first degree murder verdict, the jurors' thought processes would likely conform to the legal theory, so as to render harmless an incorrect instruction under *Mullaney v. Wilbur,* 421 U. S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975).

The majority opinion presupposes that a jury, in finding that a defendant's acts were premeditated and deliberate, and therefore finding the defendant guilty of first degree murder, necessarily evaluates and rejects evidence tending to show that the accused acted under such mitigating circumstances as duress, provocation, intoxication, etc. In

my view this presupposition ascribes to the jury a better understanding of the nature and elements of the crimes of murder and manslaughter than is likely to exist. It assumes that the jury will appreciate the legal inconsistency between the elements necessary to sustain a finding of first degree murder and the factors that would act in mitigation of that murder charge. It further assumes that the jury, by its finding of murder in the first degree, has resolved that inconsistency by concluding beyond a reasonable doubt that no mitigating circumstances were present.

I do not believe that these assumptions are justified by the jury instructions in many homicide cases. A portion of the instruction in the instant case, which, as the majority admits, is clearly infirm under *Mullaney v. Wilbur, supra,* advised the jury:

> "In the absence of justification, excuse or some circumstance of mitigation, the law presumes all homicides to be committed with malice and to constitute murder in the second degree. The burden is on the State to prove the elements of deliberation and premeditation which would raise the homicide to murder in the first degree. The burden is on the defendants to show the existence of mitigation, excuse, or justification which will reduce the offense to manslaughter or not guilty."

Such an instruction, absent further explanation, might well mislead a jury under certain circumstances. In cases where the evidence is conflicting as to the presence or absence of mitigating elements, the jury might first decide the issue of whether the defendant has sustained his burden of proving the existence of mitigation. It might reject the defendant's evidence tending to establish mitigation based on the existence, for example, of duress, believing that the defendant has failed to meet his burden of proving the existence of duress.[1] Once having rejected the defense to a murder charge based on duress, and not being told by the trial judge that the elements of premeditation and

---

1. *See Wentworth v. State,* 29 Md. App. 110, 349 A. 2d 421 (1975).

deliberation required for first degree murder are legally inconsistent with the existence of duress, the jury might not again consider the defendant's evidence concerning duress in its deliberations regarding the existence of premeditation and deliberation for first degree murder. The jury may view the circumstances without considering the mitigating evidence shown by the defendant, as the issue of mitigation had already been decided, and it may otherwise find the existence of premeditation and deliberation.

Where a trial judge explains to the jury that in order to find the elements of premeditation and deliberation, the jury must also find no mitigating circumstances, then it could be said that the prosecution had proven the absence of mitigation. However, trial judges do not always define premeditation and deliberation in this fashion.[2] Consequently, I am unwilling to go along with the view, apparently taken in the majority opinion, that in every homicide case where the issue of mitigation is fairly presented, and where the trial judge gives an erroneous instruction under *Mullaney v. Wilbur, supra,* a first degree murder verdict automatically cures the ·erroneous instruction.

In this case, however, I concur in the judgment on the ground that the evidence did not fairly present the issue of mitigation.[3] The majority opinion concludes, without

---

2. Because I believe that the issue of mitigation was not fairly in issue in the instant case, I find it unnecessary to express an opinion as to whether the trial judge's instructions here, taken as a whole, effectively informed the jury that in order to find first degree murder, they must determine the absence of mitigating circumstances.

3. In response to the State's alternative argument that the issue of mitigation was not legitimately in the case, the petitioner Dorsey claims that whether or not the evidence was sufficient to raise the issue was not encompassed by the order granting certiorari. The order granting the writ of certiorari was limited to the following question:

"A jury having found Petitioner guilty of first degree murder, did the Court of Special Appeals err in not reversing the judgment in view of the alleged erroneous instructions of the trial court that it was her burden to prove the elements necessary to reduce a felonious homicide from the status of a second degree murder to that of simple manslaughter?"

This is obviously broad enough to permit examination of whether or not the erroneous instruction constituted reversibile error on the ground that the mitigation issue was not fairly presented by the evidence at the trial.

discussion, that "[t]he mitigation issue was generated by evidence adduced by the State in presenting its case-in-chief," while pointing out that "[n]o evidence of justification or excuse for the killing was adduced at trial. Neither Dorsey nor her co-defendant Wilson testified, and they offered no defense at the trial." Briefly, the evidence, based upon an agreed statement of facts, is as follows. At approximately one o'clock in the morning, December 30, 1973, Josephine Dorsey arrived at her residence which she shared with the deceased Russell Blake, Mary Ann Johnson, Dolores Pound and Isaiah Wilson. Upon her arrival home, Miss Dorsey got into an argument with Miss Pound. Mr. Blake attempted to intervene "to halt the disturbance. As a consequence, Mr. Blake started fighting with . . . Dorsey." The disturbance was investigated, at the request of Miss Pound, by Police Officer Daniel Stern. After Officer Stern arrived, he "overheard . . . Dorsey, who had been drinking, say to . . . Wilson, who had just arrived on the scene from the Preakness Bar, 'You ought to mess him [Russell Blake] up.' " Wilson and Dorsey then left the area.

Five hours later, at about six o'clock in the morning, Wilson and Dorsey returned to the residence with three boys, two of whom had sticks and one of whom had a chain. All five persons entered Blake's bedroom, where he was sleeping with Mary Ann Johnson. A fight ensued and continued into the adjacent hallway where it "calmed down somewhat." The petitioner Dorsey then said to Wilson, "You going to let him get away with what he did to me?" Mr. Wilson soon thereafter obtained a knife with which he allegedly killed Mr. Blake.

I do not believe that these facts generate any issue of provocation. It is generally recognized that if the defendant caused "the victim to do acts which the defendant could claim provoked him, he cannot kill the victim and claim that he was provoked." 1 Anderson, *Wharton's Criminal Law and Procedure* § 276 (1957). It appears here that Dorsey instigated the altercation that she now claims aroused her passions. Mr. Blake had intervened only to quell the argument between Dorsey and Miss Pound. Miss Dorsey,

who had been drinking, then engaged in battle with Mr. Blake.[4] On these agreed facts, it is clear that it was Miss Dorsey who provoked the incident giving rise to "hot blood," and that Mr. Blake's responses to her actions did not give rise to legal provocation.

Moreover, even if there had been sufficient provocation to constitute mitigation at 1:00 a.m., the homicide took place five hours later. There is no evidence suggesting that when petitioner Dorsey returned at 6:00 a.m., she was acting in the sudden heat of blood. *See Ware v. State*, 3 Md. App. 62, 64-65, 237 A. 2d 526 (1968), where the court affirmed the trial court's finding that there was ample time to "cool off" during a "short pause" in which "hostilities temporarily ceased."

I therefore conclude that the issue of mitigation was not fairly presented by the evidence at trial, and on this basis alone I concur that the conviction should be affirmed.

---

4. No argument was made by petitioner that there was mitigation due to diminished capacity resulting from alcohol.