## HARDESTY *v.* STATE
[No. 45, September Term, 1960.]

560

*Decided December 9, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Edward B. Rybczynski,* for appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris* and *James W. Murphy, State's Attorney* and *Assistant State's Attorney of Baltimore City,* respectively, on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellant pleaded not guilty, in the Criminal Court of Baltimore, to a five-count indictment. The first count charged him with breaking and entering a storehouse with intent to commit a felony (grand larceny) therein; the second with being a rogue and vagabond; the third with grand larceny of certain particular items of property; the fourth with receiving stolen goods (the same property alleged to have been stolen in count three); and the fifth with breaking into the storehouse and stealing money, goods and chattels of the value of more than one dollar (the same property as that referred to in counts three and four). The trial judge, sitting without a jury, found the defendant "guilty."

The appellant makes three principal contentions: (1) that there was no evidence adduced by the State to establish the charge in the count relating to his being a rogue and vagabond; (2) that the indictment contained inconsistent counts, consequently the court should have rendered a verdict on each count, instead of a general verdict of guilty; and (3) that his sentence was cruel and unusual.

I

A reading of the evidence discloses the first contention of the appellant to be sound. The State produced no proof that would form a proper basis for his conviction on the count that charged him with being a rogue and vagabond; hence, the judgment, insofar as it relates to count 2, must be reversed and the case remanded for the entry of an order striking out

the judgment and sentence, insofar as it relates to this count. Maryland Rule 741 (c); *Young v. State,* 220 Md. 95, 100-101, 151 A. 2d 140.

## II

This leaves us with a four-count indictment, upon which there is a general verdict of guilty. Obviously, the indictment contains inconsistent counts; as this Court has squarely held that one cannot be a thief and, at the same time, guilty of "receiving" the identical property that he has stolen. *Heinze v. State,* 184 Md. 613, 617, 42 A. 2d 128, and cases therein cited.

There can be little doubt that the proper practice calls for a specific verdict upon each count of an indictment that contains inconsistent counts, unless a general verdict of "not guilty" be rendered. In fact, the State rightly concedes that a general verdict of "guilty" upon such an indictment is defective, and the defendant may require the trier of facts—in this case, the trial judge—to specify on which counts the defendant has been found guilty. However, the State contends that this is a right that may be, and in this case has been, waived, since the question was not raised in the trial court. We passed directly on the question in a recent case, and sustained the position taken by the State. *Bell v. State,* 220 Md. 75, 150 A. 2d 908. See also *Novak v. State,* 139 Md. 538, 541-542, 115 A. 853, and compare *Heinze v. State,* 184 Md. 613, 42 A. 2d 128. In the instant case, the trial judge imposed but one sentence, which is below the maximum permitted by any one of the four counts now under consideration; hence no prejudice resulted to the defendant by reason of the general verdict. *Novak v. State; Bell v. State,* both *supra.*

## III

The only other contention argued in appellant's brief is a claim that his sentence was "cruel and unusual," in view of the sentences imposed on his co-defendants. There is no requirement in criminal procedure that the court impose identical sentences upon persons jointly found guilty of a crime. The docket entries, however, disclose that each of the three participants, involved in the offenses charged in the above

indictment, received sentences of three years' confinement. In any event, the sentence imposed was well within the maximum permitted in either the first, third, fourth or fifth counts of the indictment; and we have repeatedly held that a sentence less than that named in a statute as the maximum is not cruel or unusual.

There are four other questions presented in the appellant's brief. They were placed there at the request of the defendant, whose counsel, quite candidly and, we think, properly, indicated to the Court that he could not sustain them. The contentions are totally without substance.

First, the appellant argues the trial court erred in finding a verdict of guilty without the appearance of the owner of the premises broken into. The appellant was represented by counsel, who stipulated with counsel for the State, in open court in the presence of the accused, what Morris Lawman, the owner of the premises, would testify to, if present.

Second, he argues that the State committed "fatal error" in not producing him before a magistrate for a preliminary hearing. It is not necessary, here, to discuss whether a person accused of crime is, or is not, entitled to a preliminary hearing. The mere fact, if it be true, that no preliminary hearing was conducted in this case, would not invalidate the appellant's conviction.

Third, he claims that his counsel committed "serious error" in failing to interrogate one of the State's witnesses as to her "possible criminal record." He made no complaint to the trial judge concerning the conduct of his lawyer, nor did he request the judge to propound any questions to the witness, or that he, the defendant, be permitted to do so. The trial tactics of lawyers, generally, are not reviewable by this Court. *Madison v. State,* 200 Md. 1, 8, 9, 87 A. 2d 593.

Fourth, he contends the trial judge committed "certain reversible indiscretions," in failing to believe his alibi witnesses. The claim is so frivolous, it really does not require an answer; however, we shall give a short one. In the trial of criminal cases, the trial judge is not bound to believe the testimony of the defendant or his witnesses and his determination of the facts will not be disturbed in the absence of a showing that he

564

was clearly erroneous.   Maryland Rule 741 (c) ; *Bell v. State, supra.*

*Judgment affirmed as to the first, third, fourth and fifth counts; judgment as to the second count reversed and case remanded for entry of an order striking out judgment and sentence.*