# ODELL NEWTON v. STATE OF MARYLAND

[No. 549, September Term, 1975.]

*Decided May 5, 1976.*

The cause was argued before MORTON, MELVIN and MASON, JJ.

*James M. Smith, Assigned Public Defender,* with whom were *Gebhardt & Smith* on the brief, for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City* and *Sandra A. O'Connor, Assistant State's Attorney for Baltimore City* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

In a non-jury trial conducted in the Criminal Court of Baltimore (Karwacki, J., presiding), appellant was convicted of murder in the first degree and the unlawful use of a handgun in the commission of a crime of violence under one indictment and of attempted armed robbery and unlawful use of a handgun in the commission of a crime of violence under a second indictment. A life sentence was imposed upon the murder conviction and a five year concurrent sentence on the handgun conviction. A sentence of twenty years was imposed on the conviction of attempted armed robbery and a five year concurrent sentence upon the handgun violation. These latter sentences were concurrent with the life sentence.

It appears from the record that appellant was visiting friends at an apartment in Baltimore City on the evening of December 19, 1973. During the course of the evening one of his friends, Anthony Stevenson, discharged a blank starter's pistol four times in the face of another friend, Evelyn Gee. According to Miss Gee, appellant and Stevenson then discussed a "stickup." Appellant borrowed the revolver of another person in the apartment, Henry Allen, and he and Stevenson departed from the apartment about 10:30 p.m., purportedly intending to get something to eat from a "sub shop" in nearby Edmondson Village.

Stevenson testified that they hailed a cab and appellant

sat up front with the driver while he occupied the rear seat. After they had proceeded approximately a block, Stevenson told the driver to stop the cab, that this was a "stickup" and appellant thereupon shot the driver four times with the .38 caliber revolver he had borrowed from Henry Allen. The driver was killed and both Stevenson and appellant fled in opposite directions and then returned to the apartment.

Appellant's testimony was in substantial agreement with that of Stevenson with the exception that he asserted it was Stevenson who shot the cab driver with Allen's gun which appellant had turned over to Stevenson shortly after they had left the apartment.

Evelyn Gee testified that when appellant returned to the apartment shortly after the shooting and before Stevenson arrived, "he had this gun in his hand, like he was out of breath and he had been running and he's standing beside the wall. He started taking these bullets out of the gun. He said, 'These stopped a cab driver,' and that he had shot him. * * * He was taking the bullets out of the gun and he was saying, 'I shot him one, two, three times.' Then he said, 'No, I shot him four times,' and he pointed to his neck. 'Four times,' he said, 'I shot him right there.' That's when Anthony Stevenson got there and then they started arguing amongst themselves."

Appellant testified that he and Stevenson returned to the apartment at the same time; that he gave the gun back to Allen and started to explain what had recently occurred when Allen told him to keep quiet.

In this appeal it is first contended that "the conviction of the Appellant of both felony murder and the underlying felony of attempted robbery violated the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution." Counsel for appellant "concedes that the Maryland Courts have held previously that such convictions do not offend the doctrine of double jeopardy, nor trigger a merger of the two offenses," but urges us to review "past decisions in light of the developing Maryland law on merger and the reasoning and analysis contained in

the recent Louisiana case of *State Ex Rel. Wikberg v. Henderson,* 292 So.2d 505 (LA. 1974)."

While we can understand the appellant's desire to have a review of prior cases,[1] his request for such a review would be better addressed to the Court of Appeals since this Court is bound by the decisions of that Court which have held that felony murder convictions do not violate the double jeopardy clause of the fifth amendment to the United States Constitution. Accordingly, we cannot subscribe to appellant's first contention.

It is also contended that "The conviction and sentencing of the appellant on two different counts charging the same handgun violation for the same act of conduct arising out of the same incident impermissibly resulted in multiple punishment of the appellant for the same offense and accordingly violated the appellant's right to not be placed twice in jeopardy."

Maryland Code, Art. 27, § 36B (d) (1976) provides:

> "*Unlawful use of handgun in commission of crime* — Any person who shall use a handgun in the commission of any felony or any crime of violence as defined in § 441 of this article, shall be guilty of a separate misdemeanor and on conviction thereof shall, in addition to any other sentence imposed by virtue of commission of said felony or misdemeanor, be sentenced to the Maryland Division of Correction for a term of not less than five years nor more than fifteen years, and it is mandatory upon the court to impose no less than the minimum sentence of five years."

Maryland Code, Art. 27, § 441 (e) (1976) provides:

> "The term '*crime of violence*' means abduction; arson; burglary, including common-law and all statutory and storehouse forms of burglary

---

1. He cites Price v. State, 261 Md. 573 (1971); Robinson v. State, 249 Md. 200 (1968); Lynch v. State, 9 Md. App. 441 (1970); McChan v. State, 9 Md. App. 311 (1970); Parker v. State, 7 Md. App. 167 (1969).

offenses; escape; housebreaking; kidnapping; man-
slaughter, excepting involuntary manslaughter;
mayhem; murder; rape; robbery; and sodomy;
or an attempt to commit any of the aforesaid
offenses; or assault with intent to commit any
other offense punishable by imprisonment for more
than one year."

We cannot agree with appellant's contention that the
constitutional guarantee against double jeopardy was
violated simply because the crimes he committed occurred
simultaneously during a single transaction. It is argued that
"Appellant was convicted on both handgun Counts, which
were identically worded and which charged the same
violation for the same act, and the Appellant received
separate sentences to run concurrently for these two
convictions. Accordingly, it is clear that the question to be
resolved in the instant case is whether the Appellant could
validly be convicted of *two* violations of Article 27, § 36B (d)
where there had been only one factual episode in which the
Appellant did a single act, but was convicted of the two
'crime(s) of violence' of felony murder and the underlying
felony (attempted robbery). It is respectfully submitted that
these two separate convictions and sentences for the same
handgun violation arising out of the same lone act violated
the Appellant's right to not be twice punished for the same
offense."

While the proposition advanced on behalf of appellant is,
on the surface, somewhat persuasive, we think that a logical
analysis of the factual posture in which the case reaches us
compels a different conclusion. Appellant was charged in
two separate indictments. In one he was charged with
murder; in the other attempted armed robbery. In each
indictment he was also charged with unlawful use of a
handgun in the commission of a crime of violence. As we
have seen, murder and attempted armed robbery are
separate and distinct crimes and convictions thereof do not
merge. It is at once apparent that the appellant used a
handgun in the commission of the crime of murder.

Likewise, he used a handgun, although it was the same gun, used at the same time, to commit the crime of attempted armed robbery. Since the crimes of murder and robbery do not merge, we see no logical or rational reason why the handgun convictions underlying these separate offenses should somehow merge. As the State points out, an accused could properly be convicted of six separate crimes if he held up six people at the same time, using the same gun. *See e.g.; McCall v. Warden,* 3 Md. App. 188 (1968).

In the case at bar, we, similarly, have non-merging multiple crimes committed by the appellant, although directed to a single victim. Thus, we cannot agree that the handgun convictions violated appellant's constitutional guarantee against double jeopardy.[2] In any event, it is to be noted that from a practical aspect the appellant, here, suffers no heavy loss since the sentences for the two handgun crimes are to run concurrently with the life sentence for murder.

Finally, we cannot agree that the trial judge erred in denying appellant's motion for a judgment of acquittal. Appellant urges that Stevenson was an accomplice and that there was insufficient corroboration of his testimony to sustain the convictions. While it is perfectly apparent that Stevenson was an accomplice and his testimony needed corroboration, we think ample corroboration is found in the testimony of Evelyn Gee. She testified that both Stevenson and appellant discussed a "stick up" before leaving the apartment and when appellant returned, he announced that he had shot a man in the neck four times. Certainly, we cannot say on the record before us that the trial judge was clearly erroneous in denying the motion for judgment of acquittal. Maryland Rule 1086.

*Judgments affirmed.*

---

2. *See* Cousins v. State, 277 Md. 383 (1976).