EUGENE SHAW FRYE *v.* STATE OF MARYLAND

[No. 6, September Term, 1977.]

*Decided October 13, 1977.*

The cause was argued before GILBERT, C. J., and MOYLAN and MASON, JJ.

*Geraldine Kenney Sweeney, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Gilbert Rosenthal, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Joseph Lyons, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

Eugene Shaw Frye was convicted by a jury, in the Criminal Court of Baltimore, of four violations of Md. Ann. Code art. 27, as charged in two separate indictments.

On Indictment Number 57534411, Frye was convicted on the first count, murder in the first degree, and the second count, the use of a handgun in the commission of a crime of violence. He was sentenced to imprisonment for the balance of his natural life and a concurrent 5-year term.

On Indictment Number 57534410, Frye was convicted on the first count, robbery with a dangerous and deadly weapon and the eighth count, the use of a handgun in the commission of a crime of violence. He received sentences of 20 years and 5 years respectively. The sentences imposed in Indictment Number 57534410 were made to run concurrently with the sentences imposed in the murder conviction.

In this Court, Frye raised the issue that, "Appellant's conviction of and sentence for both armed robbery and felony murder violated the prohibition against double jeopardy."

We observe that the point was neither raised nor argued in the trial court. Nevertheless, pursuant to the authority conferred on us by Md. Rule 1085, in order to prevent further proceedings by way of collateral attack and the resultant expenditure of judicial time and public expense, we shall decide the matter.

The issue posed to us by Frye is the same one that was decided by the Court of Appeals in *Newton v. State,* 280 Md. 260, 373 A. 2d 262 (1977).[1] In *Newton,* the Court, speaking though Judge Eldridge, said:

"[T]he defendant's separate convictions and sentences for the felony of attempted robbery and murder committed in the perpetration of that felony constitute, under the required evidence test, double punishment for the same offense in violation of the Fifth Amendment's double jeopardy clause. Consequently, the conviction for the lesser offense of attempted robbery must be vacated." *Newton v. State,* 280 Md. at 273-74, 373 A. 2d at 269-70. (Footnote omitted.)

Without recounting all the sordid facts in this case, it is sufficient to note that from the evidence presented, the jury could have found the appellant guilty of murder in the first degree, Md. Ann. Code art. 27, § 407, and guilty of robbery with a dangerous and deadly weapon, Md. Ann. Code art. 27, § 488, as well as two counts of the use of a handgun in the commission of a crime of violence, Md. Ann. Code art. 27, § 36B. There was also evidence from which the jury could have found that the appellant was guilty of so-called "felony murder," Md. Ann. Code art. 27, § 410. The nub of the problem is that if the jury found the appellant guilty of the "felony murder" then, under *Newton* and its progeny, the robbery charge and the handgun violation directly attributable to the robbery offense would have merged into the felony murder. From the record, it is impossible for us to determine with any degree of certainty which of the permitted inferences the jury drew.

Because of the attendant uncertainty, Frye contends that the sentences should be merged. The State, on the other hand, asserts that *Newton* does not require such a result and that the sentences for the robbery and the concomitant handgun violation should not be disturbed.

---

1. Reversing Newton v. State, 31 Md. App. 344, 356 A. 2d 274 (1976).

To bolster its position, the State relies heavily upon the following language of *Newton*:

"If . . . the murder conviction is premised upon independent proof of wilfulness, premeditation and deliberation under [Md. Ann. Code art. 27] § 407, *or if the evidence is sufficient for a jury to find those elements, the offenses would not merge.* Each offense would then require proof of facts which the other did not, and convictions on both would be proper." (Emphasis supplied.) 280 Md. at 269, 373 A. 2d at 267.

Aside from the fact that the *Newton* quotation is dicta, a thoughtful analysis of precisely what the quoted portion says leads to the conclusion that it would be difficult to conceive of a factual situation involving a felony murder in which there would be no evidence from which a jury could find "independent proof of wilfulness, premeditation and deliberation." If *Newton* means what it, at first blush, seems to say, then its holding is limited to non-jury cases where the trial judge specifically articulates findings of fact that the murder was committed in the course of the commission of another felony, and that there is no independent evidence demonstrating "wilfulness, premeditation and deliberation."

Such a constrictive view, however, is diametrically contrary to the spirit, if not the letter, of *Newton*. An overall reading of *Newton* makes it unmistakable that the Court was enunciating the rule that in all cases involving felony murder, the underlying felony is merged into the murder conviction unless the trier of fact, under proper instructions if it be a jury, shall find "independent evidence of wilfulness, premeditation and deliberation."

In order to eradicate any apparent ambiguity ambient *Newton*, we believe that it is necessary to intercalate into the above-quoted and italicized portion of *Newton* the phrase, "under proper advisory instructions from the court." Thus, *Newton* should read in pertinent part:

"If . . . the murder conviction is premised upon independent proof of wilfulness, premeditation and

deliberation under § 407, or if the evidence is sufficient for a jury [*under proper advisory instructions from the court*] to find those elements, the offenses would not merge. Each offense would then require proof of facts which the other did not, and convictions on both would be proper." 280 Md. at 269, 373 A. 2d at 267.

The trial judge, when confronted with a murder case involving a "felony murder," Md. Ann. Code art. 27, § 410, should instruct the jury that they are to indicate by their verdict whether, from all the evidence, they have found the accused guilty of a felony murder under § 410, or they have found the requisite intent of "wilfulness, premeditation and deliberation" independent of the underlying felony so that the accused is guilty of a § 407 murder. The jury should also be instructed that they are to render a verdict on each of the other counts of the indictment be the murder a violation of § 407 or § 410. When the jury finds the accused guilty of a § 410 murder, the underlying felony should be deemed to be merged into the murder and a separate sentence should not be imposed for the underlying felony violation. On the other hand, if the jury returns a verdict of guilty of murder under § 407 and the underlying felony, the trial judge is at liberty to impose sentences on both the murder and the underlying felony.

As we have indicated, in the absence of such jury instructions and in light of the resultant verdicts, we are unable to state which of the permissible inferences the jury drew in arriving at its verdict in the case *sub judice*. We resolve the doubt in favor of the appellant, and we vacate the judgments entered on the robbery with a deadly weapon and the related handgun charge.

*Judgments on Indictment No. 57534411 affirmed.*

*Judgments on Indictment No. 57534410 vacated.*

*Costs to be divided equally between the appellant and the Mayor and City Council of Baltimore.*