# STATE OF MARYLAND *v.* EUGENE SHAW FRYE

[No. 133, September Term, 1977.]

\* \* \*

# WILLIE LEE JONES, JR. *v.* STATE OF MARYLAND

[No. 173, September Term, 1977.]

*Decided November 16, 1978.*

710

The causes were argued before MURPHY, C. J., and SMITH, DIGGES, ■LEVINE, ELDRIDGE, ORTH and COLE, JJ.

In No. 133, *Deborah K. Handel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellant.

In No. 173, *George E. Burns, Jr., Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *Martha G. Villmoare, Assistant Public Defender,* on the brief, for appellant.

In No. 133, *George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee.

In No. 173, *Kathleen M. Sweeney, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court. MURPHY, C. J., concurs in the judgments and filed a concurring opinion at page 725 *infra.*

This Court in *Newton v. State,* 280 Md. 260, 373 A. 2d 262 (1977), held that when a defendant is charged with both murder and a felony arising from the same transaction, and is convicted of murder based upon the felony murder doctrine, the underlying felony merges into the murder conviction. The two cases now before us involve the application of the *Newton* holding under circumstances where we do not know whether the jury's finding of murder was premised upon the felony murder doctrine.

## I.

Before turning to the facts of the instant case, it would be useful to briefly review the applicable legal background. It is provided in Maryland Code (1957, 1976 Repl. Vol.), Art. 27, §§ 407-410, that certain types of murder shall be murder in the first degree. Under Art. 27, § 411, all murder not provided for in §§ 407-410 is murder in the second degree. Section 407 states that "[a]ll murder which shall be perpetrated . . . by any kind of wilful, deliberate and premeditated killing shall be murder in the first degree." To establish first degree murder under this section it must be proven that the homicide was wilful, deliberate and premeditated, which also establishes the element of malice. *Newton v. State, supra,* 280 Md. at 268; *Dorsey v. State,* 278 Md. 221, 362 A. 2d 642 (1976); *Gladden v. State,* 273 Md. 383, 330 A. 2d 176 (1974). Under § 410, however, murder committed in the perpetration of certain

enumerated felonies, including robbery and kidnapping, is first degree murder. To prove first degree murder under § 410, there is no need to prove wilfulness, deliberation and premeditation as would be required by § 407. Instead, to secure a first degree murder conviction under § 410, the State must prove only the elements of the underlying felony and the death occurring in the perpetration of the felony. *Newton v. State, supra,* 280 Md. at 269; *Veney v. State,* 251 Md. 159, 174, 246 A. 2d 608 (1968), *cert. denied,* 394 U. S. 948, 89 S. Ct. 1284, 22 L.Ed.2d 482 (1969); *Stansbury v. State,* 218 Md. 255, 260, 146 A. 2d 17 (1958).

In *Newton v. State, supra,* the defendant was charged with murder of a taxicab driver and attempted armed robbery of the driver, both charges growing out of the same transaction. The evidence established that the defendant Newton and a companion, after borrowing a revolver, hailed a taxicab. After proceeding one block, the companion told the driver that it was a "stick-up" and that he should stop the cab. The driver complied and raised his hands; nevertheless he was shot and killed. The testimony was in sharp conflict as to which one did the shooting. Newton testified that it was the companion who shot the driver, and the companion testified that it was Newton. Newton had elected a non-jury trial, and at the end of the trial, the court found him guilty of first degree murder expressly on the basis that the killing was "in the course of the perpetration of an attempted robbery." In addition, the court found Newton guilty on the attempted armed robbery charge, and sentences were imposed on both convictions. After the Court of Special Appeals upheld both convictions and sentences, we granted a writ of certiorari to consider Newton's contention that separate sentences for both felony murder and the underlying felony constituted double punishment in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

We initially stated in *Newton* that whether a separate sentence for attempted robbery violated the Double Jeopardy Clause depended upon "whether felony murder and the underlying felony upon which the murder conviction is founded are to be deemed the same offense under federal double jeopardy principles." 280 Md. at 265. We then pointed

out, *id.* at 265-266, as we have on several other occasions recently,[1] that the federal standard for determining whether two offenses arising from the same transaction are to be deemed the same offense for double jeopardy purposes is the so-called "required evidence" test as set forth in *Blockburger v. United States,* 284 U. S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), and *Gavieres v. United States,* 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489 (1911), and originally adopted from *Morey v. Commonwealth,* 108 Mass. 433 (1871). This was recently reiterated by the Supreme Court in *Brown v. Ohio,* 432 U. S. 161, 166, 97 S. Ct. 2221, 53 L.Ed.2d 187 (1977):

> "The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States,* 284 U. S. 299, 304 (1932):
>
> > 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . .'
>
> This test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. . . .' *Iannelli v. United States,* 420 U. S. 770, 785 n. 17 (1975)."

And, as explained in *Thomas v. State,* 277 Md. 257, 267, 353 A. 2d 240 (1976):

> "The required evidence is that which is minimally necessary to secure a conviction for each statutory

---

1. Johnson v. State, 283 Md. 196, 388 A. 2d 926 (1978); Bynum v. State, 277 Md. 703, 706, 357 A. 2d 339, *cert. denied,* 429 U. S. 899, 97 S. Ct. 264, 50 L.Ed.2d 183 (1976); Cousins v. State, 277 Md. 383, 388-389, 354 A. 2d 825, *cert. denied,* 429 U. S. 1027, 97 S. Ct. 652, 50 L.Ed.2d 631 (1976); Thomas v. State, 277 Md. 257, 267, 353 A. 2d 240 (1976).

offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes."

Applying the required evidence test in *Newton,* we held that felony murder and the underlying felony must be treated as one offense for double jeopardy purposes. After discussing the requirements for proving first degree murder under the felony murder doctrine (Art. 27, § 410), we reasoned in *Newton* (280 Md. at 269):

"Therefore, to secure a conviction for first degree murder under the felony murder doctrine, the State is required to prove the underlying felony and the death occurring in the perpetration of the felony. The felony is an essential ingredient of the murder conviction. The only additional fact necessary to secure the first degree murder conviction, which is not necessary to secure a conviction for the underlying felony, is proof of the death. The evidence required to secure a first degree murder conviction is, absent the proof of death, the same evidence required to establish the underlying felony. Therefore, as only one offense requires proof of a fact which the other does not, under the required evidence test the underlying felony and the murder [constitute the same offense for double jeopardy purposes and] merge."

Two months after our decision in *Newton,* the Supreme Court reached the same conclusion in *Harris v. Oklahoma,* 433 U. S. 682, 97 S. Ct. 2912, 53 L.Ed.2d 1054 (1977), namely that felony murder and the underlying felony are to be deemed the same offense under the Double Jeopardy Clause of the

Fifth Amendment. In *Harris,* the defendant and an accomplice were engaged in the robbery of a grocery store when the accomplice shot and killed a store clerk. The defendant Harris was convicted of murder, based upon the felony murder doctrine, in an Oklahoma court. Harris was then convicted and sentenced on a charge of robbery with firearms, and the Oklahoma appellate court affirmed. *Harris v. State,* 555 P. 2d 76 (Okla. Crim. App. 1976). The United States Supreme Court reversed the robbery conviction, saying (433 U. S. at 682):

> "When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one." [2]

*See also Brown v. Ohio, supra,* 432 U. S. at 168.

Although we held in *Newton* that felony murder and the underlying felony are to be considered one offense for purposes of multiple punishment, and therefore the underlying felony would merge into the felony murder conviction, we also emphasized that if a first degree murder conviction is premised upon independent proof of wilfulness, premeditation and deliberation under Art. 27, § 407, then the murder, even though committed in the course of a felony, would not be deemed the same offense as the felony, and there would be no merger. "Each offense would then require proof of facts which the other did not, and convictions on both would be proper." *Newton v. State, supra,* 280 Md. at 269. The two cases at bar, to which we · now turn, involve this reservation.

---

2. At the time this Court decided Newton v. State, 280 Md. 260, 373 A. 2d 262 (1977), there was a split in decisions among various state and lower federal courts as to whether felony murder and the underlying felony were to be treated as the same offense for double jeopardy purposes. Interestingly, the decision of the Oklahoma Court of Criminal Appeals in Harris v. State, 555 P. 2d 76 (Okla. Crim. App. 1976), was cited by both the majority and dissenting opinions in *Newton* as representative of a line of cases permitting conviction and sentencing of a defendant on both felony murder and the underlying felony. Newton v. State, *supra,* 280 Md. at 270, 275 n. 1. The *Harris* decision, as discussed in the text, was subsequently reversed by the Supreme Court.

## II.

The defendant in one of the instant cases, Eugene Shaw Frye, was charged in two separate indictments with four violations of the criminal law which are here relevant. In one indictment, he was charged in the first count with murder and in the second count with using a handgun in the commission of a crime of violence (*i.e.,* the murder). In the other indictment, he was accused in one count of robbery with a dangerous and deadly weapon and in another count of using a handgun in the commission of a crime of violence (*i.e.,* the robbery). He was brought to trial, before a jury, in the Criminal Court of Baltimore. With respect to the murder count, the State proceeded both on the theory of wilful, deliberate and premeditated murder and on the theory of felony murder. The evidence presented by the State tended to establish that on November 29, 1975, Frye entered a grocery store and ordered some luncheon meat. As the proprietor was slicing the meat, Frye went behind the counter and drew a handgun on him. After a brief affray, Frye shot the shopkeeper, removed money from the cash register, and proceeded to flee. This account of the shooting was directly contradicted by Frye, who claimed that the gun fell out of his pocket and accidentally discharged.

At the conclusion of Frye's trial, the jury was instructed on felony murder, on wilful, deliberate and premeditated murder, and on robbery with a dangerous and deadly weapon. No instruction was given or requested telling the jury that if it decided that Frye was guilty of murder, it should then state whether such verdict rested upon the theory of felony murder or upon a finding of wilful, deliberate and premeditated murder. Moreover, no alternative instruction was given or requested such as advising the jury that, if it based a murder verdict upon the felony murder doctrine, it should not then consider the underlying robbery charge or the handgun charge associated with the robbery charge. The jury found the defendant guilty of first degree murder and robbery with a dangerous and deadly weapon. Due to the general verdict of first degree murder, and the lack of direction in the instructions, there is no basis to determine

whether the jury's finding of murder was grounded upon wilful, deliberate and premeditated murder, or upon felony murder. Frye was also found guilty of both counts of unlawful use of a handgun in the commission of a felony. On the murder conviction, Frye was sentenced to life imprisonment, and he was given a concurrent five year term on the associated handgun count. With regard to the robbery and its related handgun conviction, he received sentences of 20 years and 5 years, respectively, to run concurrently with the sentences on the murder conviction.[3]

Frye took an appeal to the Court of Special Appeals, arguing that *Newton v. State, supra,* required merger of the underlying felony into the murder conviction. Although the issue was not raised at the trial level, the Court of Special Appeals invoked its discretionary authority under Maryland Rule 1085 to consider the matter. The Court of Special Appeals then vacated the judgments on the felony count and the associated handgun count, stating (*Frye v. State,* 37 Md. App. 476, 480, 378 A. 2d 155 (1977)):

> "The trial judge, when confronted with a murder case involving a 'felony murder,' Md. Ann. Code art. 27, § 410, should instruct the jury that they are to indicate by their verdict whether, from all the evidence, they have found the accused guilty of a felony murder under § 410, or they have found the requisite intent of 'wilfulness, premeditation and deliberation' independent of the underlying felony so that the accused is guilty of a § 407 murder. The jury should also be instructed that they are to render a verdict on each of the other counts of the indictment be the murder a violation of § 407 or § 410. When the jury finds the accused guilty of a § 410 murder, the underlying felony should be deemed to be merged into the murder and a separate sentence should not be imposed for the underlying felony violation. On the other hand, if the jury returns a

---

3. As to the Maryland rule concerning the reviewability of concurrent sentences, see the discussion in Newton v. State, *supra,* 280 Md. at 265.

verdict of guilty of murder under § 407 and the underlying felony, the trial judge is at liberty to impose sentences on both the murder and the underlying felony.

"As we have indicated, in the absence of such jury instructions and in light of the resultant verdicts, we are unable to state which of the permissible inferences the jury drew in arriving at its verdict in the case *sub judice.* We resolve the doubt in favor of the appellant, and we vacate the judgments entered on the robbery with a deadly weapon and the related handgun charge."

We granted the State's petition for a writ of certiorari, limited to the question whether the Court of Special Appeals had misapplied our decision in *Newton v. State, supra.*[4]

The defendant in the other case now before us, Willie Lee Jones, Jr., was charged by the State with three counts of murder, four counts of kidnapping, and four counts of unlawful use of a handgun in the commission of a felony. The evidence presented by the prosecution at Jones's jury trial showed that he, along with two other men, kidnapped four individuals at gunpoint and took them to a wooded area in Prince George's County. The reason for the abductions was that the four victims were suspected of having stolen cocaine belonging to Jones's sister. After purporting to ascertain that three of the kidnapped victims were involved in the theft, these three were shot and killed.

At the close of Jones's trial, the jury was instructed on felony murder, on wilful, deliberate and premeditated murder, on kidnapping, and on the unlawful use of a handgun in the commission of a felony. As in *Frye,* the court was not asked to and did not of its own accord give the jury any instructions designed to reveal the basis of a murder verdict. The State expressly argued to the jury that Jones was guilty

---

4. A second matter presented by the State's petition was that we should reconsider our holding in *Newton.* However, and particularly in light of the Supreme Court's decision in Harris v. Oklahoma, *supra,* our order granting certiorari excluded this issue.

of wilful, deliberate and premeditated murder, and, alternatively, that even if he did not participate in wilful, deliberate and premeditated killings, he would be guilty under the felony murder theory. The jury found Jones guilty on three counts of first degree murder, four counts of kidnapping, and all four handgun counts. Again, as in the *Frye* case, the jury's first degree murder verdict affords no foundation for this Court to determine whether the conviction was based on felony murder or on wilful, deliberate and premeditated murder. Jones was sentenced to life imprisonment on each of the murder convictions, 30 years on each of the four kidnapping convictions and 15 years on each of the four handgun convictions. All sentences were imposed to run consecutively.

Jones took an appeal to the Court of Special Appeals, arguing, among other things, that under *Newton v. State, supra,* the kidnapping and murder convictions merged. The Court of Special Appeals, as it did in its *Frye* decision two months earlier, considered the question on its merits despite the defendant's failure to raise the issue at trial. On the merits, however, the Court of Special Appeals reached a conclusion exactly opposite from its earlier conclusion in *Frye,* and it affirmed the felony and associated handgun convictions, saying (*Jones v. State,* 38 Md. App. 288, 304, 380 A. 2d 659 (1977)):

> " 'The appellant's final contention is that since the conviction for murder in the first degree might have rested upon Article 27, § 410, providing, *inter alia,* that all murder committed in the perpetration of a kidnapping shall be murder in the first degree, the underlying felony of kidnapping must, in three of the indictments at least, merge into the ensuing felony-murders. The appellant relies upon *Newton v. State,* 280 Md. 260, 373 A. 2d 262. *Newton,* of course, does not stand for such a proposition at all. It rather holds that if the only credible evidence before a fact finder which could justify finding that the highest degree of blameworthiness existed in a homicide case was the fact that one of the felonies spelled out

in §§ 408-409 or 410 was being perpetrated, or attempted, then and only then would the undergirding felony, or its attempt, merge of necessity into the conviction for homicide. If, on the other hand, there was legally sufficient independent evidence of wilfulness, deliberation and premeditation under Article 27, § 407, then the merger would not be compelled.' " [5]

The defendant Jones then petitioned this Court for a writ of certiorari, raising solely the matter of the proper application of *Newton* to the underlying felony and associated handgun convictions. We granted the petition and heard the case along with *Frye.*

### III.

The State's argument in these two cases is the same as the position adopted by the Court of Special Appeals in *Jones.* The State contends that under the *Newton* holding, an underlying felony would merge into a murder conviction only if the sole evidentiary basis for the murder verdict is the felony murder doctrine, but that if there is any legally sufficient evidence of wilfulness, deliberation and premeditation, there would be no merger. This interpretation of our decision in *Newton* is patently incorrect. The facts of *Newton* itself show the State and the Court of Special Appeals in *Jones* to be in error. *Newton* was not a case where the only credible evidence justifying a murder finding was evidence establishing felony murder. The testimony of Newton's companion, contradicting Newton's version of the shooting and stating that Newton himself intentionally and deliberately shot the taxicab driver, was clearly legally sufficient evidence of wilfulness, premeditation and deliberation.[6]

---

5. The Court of Special Appeals in *Jones* was actually quoting from its opinion in Godwin v. State, 38 Md. App. 716, 736, 382 A. 2d 596 (1977). A petition for a writ of certiorari was filed in Godwin on March 15, 1978, and is presently pending. *Godwin* was decided one month after *Frye* and one month prior to *Jones.* The *Godwin* case arose out of the same transaction as the *Jones* case, Godwin being an accomplice of Jones in the alleged kidnapping and murder. It was the opinion in the *Godwin* case which initially created the conflict within the Court of Special Appeals.

6. This testimony was adequately corroborated, and thus the Maryland rule requiring corroboration of an accomplice's testimony was satisfied.

The reason for our deciding in *Newton* that the underlying felony merged into the murder conviction was, therefore, not a lack of evidence showing wilfulness, premeditation and deliberation. It was because the trier of facts *based* the verdict on felony murder instead of finding wilful, deliberate and premeditated murder under Art. 27, § 407. Where the same transaction gives rise to both murder and felony charges, and where the murder charge is submitted to the trier of facts both on the theory of felony murder and on the theory of wilful, deliberate and premeditated murder, *Newton* teaches that it is the basis for the murder verdict which controls the merger issue.

The effect of the position taken by the State and by the Court of Special Appeals in *Jones,* is to assume that the jury rested its murder verdict on a finding of wilful, deliberate and premeditated killing instead of on the felony murder theory in every case where there is any evidence of wilfulness, deliberation and premeditation. But in cases like *Newton, Frye* and *Jones,* there would be no justification for such an assumption. If *Newton* had been a jury trial, and if the jury had believed the testimony of the defendant Newton that the killing of the taxicab driver was solely the work of his companion, the basis of the jury's murder verdict would have been felony murder. In the *Frye* case, if the jury believed the defendant's account that the gun fell out of his pocket and accidentally discharged, the murder verdict would not rest on the evidence of wilfulness, deliberation and premeditation. The prosecuting attorney in *Jones* extensively argued the felony murder theory to the jury as an alternative basis of conviction if the jury found an absence of wilfulness, deliberation and premeditation. To infer in these cases that the basis for the first degree murder verdict was a finding of wilfulness, deliberation and premeditation, would be sheer speculation.

The convictions and sentences for the underlying felonies in the present cases are supportable if the juries found wilful, deliberate and premeditated killings but are not supportable if the murder verdicts rested upon the felony murder theory, and it is impossible to tell which basis was chosen by the juries

in rendering the verdicts on the murder counts. The Supreme Court, in *Yates v. United States,* 354 U. S. 298, 312, 77 S. Ct. 1064, 1 L.Ed.2d 1356 (1957), made it clear that the doubtful verdict in such a situation cannot stand:

> "In these circumstances we think the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected. *Stromberg v. California,* 283 U. S. 359, 367-368; *Williams v. North Carolina,* 317 U. S. 287, 291-292; *Cramer v. United States,* 325 U. S. 1, 36, n. 45."

*See also Leary v. United States,* 395 U. S. 6, 31-32, 89 S. Ct. 1532, 23 L.Ed.2d 57 (1969).

Where there is more than one ground for a verdict on a criminal charge, but where the ramifications of a guilty verdict on that charge will be different depending upon the ground chosen by the jury, the obvious way to deal with the situation is, as indicated by the court below in *Frye,* to give the jury adequate advisory instructions. *See United States v. Quicksey,* 525 F. 2d 337 (4th Cir. 1975), *cert. denied,* 423 U. S. 1087, 96 S. Ct. 878, 47 L.Ed.2d 97 (1976); *Brown v. United States,* 299 F. 2d 438 (D.C. Cir. 1962). In cases like the present ones, the court should, in advising the jurors as to the form of their verdict, give them appropriate instructions so that the basis of a first degree murder verdict will be revealed.[7]

In the normal situation where a defendant is charged both with a greater crime and with a lesser included offense, and where a guilty verdict with regard to the greater crime will

---

7. In the present cases, the State relies upon Robinson v. State, 249 Md. 200, 238 A. 2d 875, *cert. denied,* 393 U. S. 928, 89 S. Ct. 259, 21 L.Ed.2d 265 (1968). However, no question concerning jury instructions to determine whether a murder verdict is grounded on felony murder or wilful, deliberate and premeditated murder, was raised or discussed in *Robinson.* Moreover, *Robinson* was decided before the Supreme Court in Benton v. Maryland, 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969), held that the Fifth Amendment's Double Jeopardy Clause was, by virtue of the Fourteenth Amendment, applicable to state proceedings. Thus, to the extent that there may be anything in the *Robinson* opinion inconsistent with our opinion in *Newton* or our opinion in the instant cases, the latter two opinions obviously control.

result in a merger, the proper method of instructing the jurors is to advise them that if the verdict on the count charging the greater crime is guilty, then they should not consider the count charging the lesser crime. However, the Court of Special Appeals in *Frye* suggested a somewhat different type of instruction. It said that the trial judge should instruct the jury to indicate whether the basis for a murder verdict is felony murder or is wilful, deliberate and premeditated murder, but that the judge should tell the jury to render a verdict on the felony count in any event. Then, if the basis of the murder verdict is felony murder, the Court of Special Appeals stated that the trial judge should not impose a sentence on the felony count. Because of the peculiar nature of the problem presented in cases like *Frye* and *Jones,* where one basis for a guilty verdict on the murder count will preclude a sentence on the felony count, but another basis for a guilty verdict on the same murder count will not have this effect, we agree with the type of instruction suggested by the Court of Special Appeals.

The Court of Special Appeals in *Frye,* because of the ambiguity in the jury's verdict due to the absence of adequate instructions, "resolve[d] the doubt in favor of the appellant, and ... vacate[d] the judgments entered on the robbery with a deadly weapon and the related handgun charge." 37 Md. App. at 480. Although we agree with this result in *Frye* because of an unusual aspect of the appeal in that case, we believe that the relief to be granted in *Jones* should be somewhat different.

If there had been appropriate jury instructions in *Jones,* the jury might have based its murder verdicts on a finding of wilful, deliberate and premeditated homicide. It would have considered the underlying felony charges and the associated handgun charges, and guilty verdicts on those felony counts could properly have resulted in sentences. It was not in any manner the State's fault that such instructions were not given. Under these circumstances, we believe that the State may, if it is so inclined, elect to re-try Jones on the murder, underlying felony and associated handgun charges. In such event, the jury should be instructed as indicated in this

opinion. But if, after a reasonable period of time, the State fails to elect a new trial in the *Jones* case, the judgments on the three underlying felony and related handgun counts should be vacated.

However, the State may not have such an election in the *Frye* case because the defendant Frye, unlike Jones, did not take an appeal from the murder conviction. For the State to try him again for murder would violate the prohibition against double jeopardy. *Benton v. Maryland,* 395 U. S. 784, 796-797, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969); *Green v. United States,* 355 U. S. 184, 188-194, 78 S. Ct. 221, 2 L.Ed.2d 199 (1957).

> *Judgment in No. 133 affirmed.*
> *Costs to be paid by the Mayor and City Council of Baltimore.*
> *Judgment in No. 173 reversed, and case remanded to the Court of Special Appeals for the entry of a new judgment not inconsistent with this opinion.*
> *Costs to be paid by Prince George's County.*

*Murphy, C. J., concurring*:

I dissented in *Newton v. State,* 280 Md. 260, 373 A. 2d 262 (1977), on the ground that convictions and the imposition of separate punishments thereon at a single trial of the distinct offenses of murder in the perpetration of an attempted robbery (felony murder) and the attempted robbery itself did not, under the applicable required evidence test, violate the double jeopardy clause of the federal constitution. I expressed the belief in *Newton* that the weight of authority supported that view. The subsequently decided Supreme Court cases of *Brown v. Ohio,* 432 U. S. 161, 97 S. Ct. 2221, 53 L.Ed.2d 187 (1977), and *Harris v. Oklahoma,* 433 U. S. 682, 97 S. Ct. 2912, 53 L.Ed.2d 1054 (1977), which the majority cites in support of the contrary view which it took in *Newton* deal with successive prosecutions and not, as here, with a single

prosecution for multiple offenses. While undoubtedly the same double jeopardy principles are applicable to cumulative punishments for the same offense as well as to successive prosecutions for what in law amounts to the same offense, I will abide by my dissent in *Newton* until the Supreme Court makes it crystal clear that the double jeopardy clause bars separate punishments at the same trial upon conviction of felony murder as well as the underlying felony. Whether *Newton* was wrongly decided was not an issue encompassed by our certiorari grant in this case. I therefore concur in the judgments in these cases.