589 A.2d 524

**Dana Ashley HAWKINS**

**v.**

**STATE of Maryland.**

**No. 703, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

May 7, 1991.

Michael R. Braudes, Asst. Public Defender and Alan H. Murrell, Former Public Defender, Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Joseph I. Cassily, State's Atty., for Harford County, Bel Air, on the brief), for appellee.

Submitted before WILNER, C.J., and ROBERT M. BELL and FISCHER, JJ.

ROBERT M. BELL, Judge.

Dana Ashley Hawkins, appellant, was convicted by a jury in the Circuit Court for Harford County of first degree felony murder and of being an accessory after the fact to that murder. She was sentenced to the custody of the Division of Correction for concurrent life terms, a portion of each of which was suspended: all but fifteen years as to the murder conviction, and, all but ten years with respect to the

accessoryship conviction. On appeal, appellant presents six issues:

1. Did the trial court err in denying Appellant's motion for mistrial when two experienced police officers testified in a manner that permitted the jury to infer that Appellant had failed a polygraph test?

2. Did the trial court err in failing to make factual findings supportive of its denial of Appellant's motion to suppress evidence?

3. Is Appellant entitled to merger of her conviction of accessory after the fact into that for the substantive crime?

4. Is Appellant entitled to relief as a result of defense counsel's conflict of interest?

5. Did the trial court err in admitting hearsay evidence?

6. Does the inconsistency in the verdicts require reversal of Appellant's murder conviction?

In the third issue she raises, appellant argues that her convictions of murder and accessory after the fact to murder may not both stand, that "[she] could only be convicted of one of the two crimes as a matter of the law of double jeopardy or merger." We agree, albeit for a different reason, that both convictions cannot stand. As we see it, the jury's verdicts were defective inasmuch as the convictions are inconsistent.[1] Accordingly, we will reverse the judgments entered on the jury's verdicts and remand the case to the circuit court for a new trial. Consequently, we do not reach the remaining issues raised by appellant.

Because we are here concerned with the viability of jury verdicts, it is not necessary that we rehearse, in minute

---

1. In this case, appellant was found guilty on two inconsistent counts of the indictment. This is to be distinguished from the situation usually referred to as involving inconsistent verdicts, in which the defendant is convicted of one count and, yet, inconsistently acquitted on another. *See Leet v. State,* 203 Md. 285, 293, 100 A.2d 789 (1953); *see also Ford v. State,* 274 Md. 546, 552, 337 A.2d 81 (1975). It is the latter inconsistency at which appellant's sixth assignment of error is directed.

detail, the facts giving rise to the appeal. It is sufficient to note that appellant was one of four persons who spent the night in a motel room engaging in illegal drug use and sexual activities. On the next day, one of the four, the victim, Dell Noble, was strangled to death. Appellant was charged with, tried for, and convicted of her murder. She was, as we have seen, also charged with, tried for, and convicted of being an accessory after the fact to that murder.

Perhaps because of the relief appellant seeks, relief to which the State essentially concedes [2] she is entitled, neither appellant nor the State focuses on the preservation of the issue for appellate review. Moreover, perhaps for the same reason, neither challenges the sufficiency of the evidence to support both verdicts.[3] As to the latter, we will forgo any review of the record for sufficiency of the evidence to sustain either of the two convicted counts [4] and assume, as the parties apparently concede, that it is sufficient. We

---

2. Although the State approaches the issue from a perspective different from that chosen by appellant, and, indeed, agrees with our analysis, *i.e.*, it recognizes that the convictions are inconsistent, it does not disagree with the result appellant seeks. While the State does not agree that the accessoryship conviction "should merge" into the sentence for the principle crime, it does agree that the lesser sentence should be vacated. Thus, despite the different approaches, "concession" is not too strong a word to be used in this context.

3. An alternative argument made by appellant in pursuit of her quest to have the accessoryship conviction merged into the murder conviction, is that the trial court imposed an illegal sentence as to that conviction. She appropriately points out, citing *Osborne v. State*, 304 Md. 323, 337, 499 A.2d 170 (1985), that the maximum penalty for accessory after the fact is five years incarceration. In making that argument, however, she asserts that "[t]he 10–year sentence would therefore fall even if the conviction were viable." Were we to reach this issue, it is clear that the sentence that would "fall" would be the life sentence which the trial court imposed. The fact that all but ten years of that sentence was suspended does not mean that the sentence imposed was ten years.

4. Statements made by appellant to the police denying prior knowledge of the murder, but admitting such acts as taking the victim's property,

take a different approach with respect to the former issue, however. That the parties do not raise the issue does not mean that we are required to acquiesce in their omission. That is especially true when, as here, the relief sought may not be granted consistent with applicable principles of law.

The record reflects that appellant did not request the court to instruct that it could find her guilty of one, but not both, of the convicted counts, *see* Maryland Rule 4–325(c) [5], except to the court's instructions, Rule 4–3 25(e) [6], or, in any way, present to the court for action, a request that the court address or correct the inconsistent convictions. *See* Maryland Rule 8–131(a) [7].

 Although the specific issue presented on this appeal—that convictions on counts of first degree felony murder and accessory after the fact to murder are irrecon-

---

cleaning up the room and disposing of evidence at the murderer's request are pertinent to, and evidence of, the accessoryship charge.

5. (c) *How given.*—The court may, and at the request of any party shall, instruct the jury as to the applicable law and the extent to which the instructions are binding. The court may give its instructions orally or, with the consent of the parties, in writing instead of orally. The court need not grant a requested instruction if the matter is fairly covered by instructions actually given.

6. (e) *Objection.*—No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection. Upon request of any party, the court shall receive objections out of the hearing of the jury. An appellate court, on its own initiative or on the suggestion of a party, may however take cognizance of any plain error in the instructions, material to the rights of the defendant, despite a failure to object.

7. (a) *Generally.*—The issues of jurisdiction of the trial court over the subject matter and, unless waived under Rule 2–322, over a person may be raised in and decided by the appellate court whether or not raised in and decided by the trial court. Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal.

cilably inconsistent—has not, to our knowledge, been directly addressed by the courts of this State, it is well settled that guilty verdicts on inconsistent counts of an indictment are defective and fatally so. *Novak v. State,* 139 Md. 538, 542, 115 A. 853 (1921) (robbery and receiving stolen goods); *Heinze v. State,* 184 Md. 613, 617, 42 A.2d 128 (1945) (larceny and receiving stolen goods); *Bell v. State,* 220 Md. 75, 80–81, 150 A.2d 908 (1959) (same); *Young v. State,* 220 Md. 95, 100–01, 151 A.2d 140 (1959), *cert. denied,* 363 U.S. 853, 80 S.Ct. 1634, 4 L.Ed.2d 1735 (1960) (breaking and stealing and larceny); *Hardesty v. State,* 223 Md. 559, 562, 165 A.2d 761 (1960) (receiving and larceny); *Fabian v. State,* 235 Md. 306, 313–14, 201 A.2d 511, *cert. denied,* 379 U.S. 869, 85 S.Ct. 135, 13 L.Ed.2d 72 (1964) (larceny and breaking and entering); *Boone v. State,* 2 Md.App. 80, 116–17, 233 A.2d 476 (1967) (robbery with a deadly weapon and attempted robbery with a deadly weapon); *Thomas v. State,* 2 Md.App. 645, 648–49, 236 A.2d 747, *cert. denied,* 249 Md. 733 (1968) (larceny and receiving); *Cross v. State,* 36 Md.App. 502, 504, 374 A.2d 620 (1977), *rev'd on other grounds,* 282 Md. 468, 386 A.2d 757 (1978) (same); *Jenkins v. State,* 59 Md.App. 612, 620–21, 477 A.2d 791 (1984), *modified on other grounds,* 307 Md. 501, 515 A.2d 465 (1986) (assault with intent to murder and assault with intent to maim). No argument is made that the convictions are not inconsistent, the parties have, quite properly, all but conceded that they are.[8] The only question presented, as is true in most of the cases in which inconsistent convictions

---

8. It cannot be gainsaid that the convictions in this case are inconsistent. To constitute the crime of accessory after the fact to murder, four elements must be shown:
 (1) A [murder] must have been committed by another prior to the accessoryship;
 (2) The accessory must not be a principal in the commission of the [murder];
 (3) The accessory must have had knowledge of the [murder]; and
 (4) The accessory must act personally to aid or assist the [murderer] to avoid detection or apprehension for the crime....
 *Cooper v. State,* 44 Md.App. 59, 65, 407 A.2d 756 (1979); *Osborne v. State,* 304 Md. 323, 327, n. 3, 499 A.2d 170 (1985), quoting R. Gilbert

have been addressed, involves the remedy for the inconsistency. In this case, as we have seen, even this is not disputed, only the rationale: appellant did not raise the inconsistency of the convictions either by way of a request for a jury instruction or by way of an exception to the instructions given. Moreover, the jury was not informed that it should not return a verdict for both first degree felony murder and accessory after the fact.[9] Not only did the trial judge fail to instruct the jury that it could find the accused guilty of only one, not both,[10] of the counts, it also failed to exercise its responsibility not to accept the defective inconsistent verdict, *i.e.*, the inconsistent convictions. That responsibility was commented upon in *Heinze*, 184 Md. at 617, 42 A.2d 128:

> It is a generally accepted rule that if the jury should return a verdict which is defective in form or substance, it

---

and C. Moylan, Maryland Criminal Law: Practice and Procedure § 21.4–2 (1983). In other words, "accessoryship after the fact is an offense separate and distinct from the principal crime," *Osborne*, 304 Md. at 335, 499 A.2d 170, a fact implicitly recognized in *Watson v. State*, 208 Md. 210, 220, 117 A.2d 549 (1955). Of course, to convict an accused of murder, it must be shown that the accused was a principal in the commission of the murder. *Osborne*, 304 Md. at 326–337, 499 A.2d 170.

**9.** The court gave the following accessory after the fact instruction: An accessory after the fact is a person who, with knowledge that a crime has been committed, assists the offender with the intent to hinder or prevent the offender's arrest, prosecution or trial. In order to convict the Defendant, the State must prove: one, that the crime of murder has been committed; two, that the Defendant knew that the crime of murder had been committed; three, that the Defendant gave assistance to the person who committed the crime; and, four, that the Defendant did so with the intent to hinder or prevent that person's arrest, prosecution or trial.
Although not explicitly stated, it is at least implicit in that instruction that an accessory after the fact to the murder cannot also be guilty of the murder. As indicated, however, that fact was not made explicit, which probably explains why the jury returned verdicts of guilty as to both charges.

**10.** As to the trial court's responsibility to accurately instruct the jury, even when a party's request is deficient, *see Clark v. State*, 80 Md.App. 405, 413, 564 A.2d 90 (1989).

should not be accepted by the trial judge. It is essential for the prompt and efficient administration of justice to prevent defective verdicts from being entered upon the records of the court as well as to ascertain the real intention of the jury in their finding. Where a verdict is ambiguous, inconsistent, unresponsive, or otherwise defective, it is the duty of the trial judge to call the jury's attention to the defect and to direct them to put the verdict in proper form either in the presence of the court or by returning to their consultation room for the purpose of further deliberation. (Citations omitted)

See also Jenkins, 59 Md.App. at 621, 477 A.2d 791. The question thus is what should be done now?

In the cases that have addressed the issue, the appellate courts have generally refused to grant relief when the question of the inconsistent convictions was not raised below. In those cases, the decisive factor appears to be the absence of prejudice. See e.g. Bell v. State, 220 Md. at 81, 150 A.2d 908; Hardesty, 223 Md. at 562, 165 A.2d 761; Cross, 36 Md.App. at 505–509, 374 A.2d 620; Heinze, 184 Md. at 619–21, 42 A.2d 128. They have also recognized that the inconsistency may be waived. On the other hand, where prejudice is shown, the accused may be entitled to relief. Jenkins, 59 Md.App. at 621–22, 477 A.2d 791. See also Bell, 220 Md. at 81, n. 2, 150 A.2d 908, in which the Court stated:

If the court had passed sentence on both of the inconsistent counts a different question would be raised.

There is a consistent comment in Cross:

[t]he ultimate harm flowing from inconsistent [convictions] is not the possibility that the jury may have been confused in its decisional process (for illogical and "compromise" jury verdicts are countenanced without question, if not indeed without power to question) but rather the risk that a defendant will erroneously be subjected to double and inconsistent punishments.

36 Md.App. at 507, 374 A.2d 620. In other words, the rationale underlying these cases is that where the issue is

raised for the first time on appeal and where the verdict does not result in prejudice to the defendant, inconsistent convictions will not be disturbed. No prejudice is shown if, although, at trial, verdicts of guilt are entered on inconsistent counts, only one sentence is imposed. *Bell*, 220 Md. at 81, 150 A.2d 908.

In the case *sub judice*, appellant was found guilty, specially, of both first degree felony murder and accessory after the fact to murder. Moreover, appellant was sentenced for both convictions. Therefore, appellant was prejudiced. *See Jenkins*, 59 Md.App. at 622, 477 A.2d 791. Accordingly, we exercise our discretion under Maryland Rules 4–325(e) and 8–131(a) to take cognizance of the error.

Appellant urges that we merge the accessoryship conviction into that for first degree felony murder. The State, in effect, joins in that request, asserting that "[u]nder the circumstances, the greater sentence for the crime of murder should be affirmed, while the lesser sentence is vacated." For this proposition, it relies on *State v. Jenkins*, 307 Md. at 521, 515 A.2d 465. The problem with this argument is that the offenses simply do not merge, not even under the rationale of *State v. Jenkins*.

In *State v. Jenkins*, the Court determined, first, that the offenses of assault with intent to murder and assault with intent to maim, disfigure or disable are not inconsistent.[11] It explained:

> When ... the sole difference between two offenses is in the subjective intents of the perpetrators, rather than the achievement of the intents, it would seem logical that the same perpetrator may at the same time commit both offenses. This is because one may harbor at the same time, on an alternate basis, inconsistent intents.

---

**11.** We had determined in our *Jenkins* that the offenses were inconsistent. 59 Md.App. at 620, 477 A.2d 791. To reach that conclusion, we analyzed the required intent for each and determined that the intents, too, were inconsistent. · 59 Md.App. at 616–20, 477 A.2d 791.

307 Md. at 517, 515 A.2d 465. The Court then distinguished the true inconsistent offenses from those, like the ones at issue in that case, involving only inconsistent intents. It pointed out:

> The reason that offenses like larceny and receiving are deemed inconsistent in Maryland is not because the inconsistent intents may not be harbored at the same time. For example, a person may desire a particular item of property and intend to steal it; when at the same time, realizing that he may be unable to steal the property, he may alternately intend to purchase it from someone else who steals the property. The inconsistent intents may coexist as alternatives. What renders larceny and receiving inconsistent offenses is the fact that both intents cannot be carried out.

307 Md. at 516, 515 A.2d 465. Where there are truly inconsistent convictions, there is no question of merger. Consequently, the State's argument that the offense carrying the lesser penalty should merge into the one carrying the greater is inapposite.

Having decided that the offenses do not merge and, indeed, are mutually exclusive of each other, like the trial judge, we are powerless to "cut the knot by directing a verdict of not guilty upon either." *Heinze*, 184 Md. at 619, 42 A.2d 128, *quoting Commonwealth v. Lowrey*, 158 Mass. 18, 32 N.E. 940, 941, *aff'd*, 159 Mass. 62, 34 N.E. 81 (1893). Only the trier of fact may select which of the two inconsistent offenses was committed, the evidence being sufficient to sustain a conviction as to either. *See Jenkins*, 59 Md. App. at 623, 477 A.2d 791. Accordingly, we vacate both judgments and remand the case to the circuit court for retrial.[12]

---

12. In our *Jenkins*, we elected to resolve the inconsistency in favor of the appellant by vacating, at his request, the more onerous judgment and permitting the lesser judgment to stand. 59 Md.App. at 623, 477 A.2d 791. We relied on *Frye v. State*, 37 Md.App. 476, 378 A.2d 155, *aff'd*, 283 Md. 709, 393 A.2d 1372 (1978), in which we, not being able to determine which of the inferences the jury drew in finding Frye

JUDGMENTS VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR HARFORD COUNTY FOR TRIAL. COSTS TO BE PAID BY HARFORD COUNTY.

guilty of first degree murder, armed robbery and a handgun violation, "resolv[ed] the doubt in favor of the appellant, and ... vacat[ed] the judgments entered on the robbery with a deadly weapon and the related handgun charge." 37 Md.App. at 480, 378 A.2d 155. Appellant has not requested that we resolve the inconsistency in his favor by vacating the first degree felony murder count and, even were she to have made that request, under the circumstances, we would be loathe to accede to it.